**STEWART TITLE & TRUST OF PHOENIX, an Arizona Corporation, Plaintiff-Appellee,**

v.

**Janice A. ORDEAN et al., Defendants-Appellees,**

and

**United States of America, Defendant-Appellant.**

**No. 74–1109.**

United States Court of Appeals, Ninth Circuit.

Jan. 27, 1976.

---

Gary R. Allen, Atty. (argued), Tax. Div., U. S. Dept. of Justice, Washington, D. C., for defendant-appellant U. S.

Filipe K. Johansson (argued), of Johansson & Sanders, Ltd., Phoenix, Ariz., for defendant-appellee Ordean.

Bruce Norton of Snell & Wilmer, Phoenix, Ariz., for defendant-appellee Tom Jackson.

William F. Behrens of Behrens, MacLean & Jacques, Phoenix, Ariz., for defendant-appellee Huddle.

Wilbert G. Anderson of O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, Ariz., for plaintiff-appellee Stewart.

## OPINION

Before MERRILL, CHOY and KENNEDY, Circuit Judges.

ANTHONY M. KENNEDY, Circuit Judge:

This interpleader action concerns $16,000 deposited in escrow as earnest money for the purchase of a house in Phoenix, Arizona. The transaction fell through when the mortgagee refused to approve assumption of the mortgage by the purchaser. Both purchaser and sellers claimed a right to the earnest money. In addition, the United States claimed the fund under a tax lien filed pursuant to a jeopardy assessment for unpaid federal marijuana excise taxes. The district court granted summary judgment against the United States and approved a stipulation distributing the fund among the sellers, purchaser, broker, and escrow agent. We reverse and remand for further proceedings.

On or about September 1, 1969, Janice A. Ordean signed an agreement with a real estate broker, Tom Jackson & Associates, to purchase a house for $16,000 in cash, deposited as earnest money, and "$30,700.00 apprx. 1st mortgage loan to be assumed by purchasers." One or two days later Ms. Ordean signed an escrow agreement with the sellers, Dr. & Mrs. Huddle, naming Stewart Title & Trust as the escrow agent. The escrow agree-

ment specified the purchase price to be the $16,000 earnest money deposited with the escrow agent, and the

> [M]ortgage of record, due First Federal Savings & Loan Assoc., # 31600–0037866 with a principal sum remaining unpaid of approximately $30,700.00 with interest as therein specified. Seller pays installment due August 1969. Buyer pays installment due Sept. 1969 and all subsequent.

The escrow agreement also instructed the agent:

> From proceeds of cash payment, pay broker's commission of: $2,802.00 [to] TOM JACKSON & ASSOCIATES . . . and pay the balance of the proceeds to seller . . . .

Janice Ordean's husband, Gary Brazil, was arrested on September 1, 1969, in possession of a substantial quantity of marijuana and heroin. On September 8, the IRS made a jeopardy assessment against Gary Brazil for $100,000 in unpaid federal marijuana excise taxes, and notice of a federal tax lien for this assessment was recorded the same day. Claiming that the $16,000 Ms. Ordean deposited for the house were proceeds of Brazil's drug trafficking, the IRS on September 11 levied on the escrow account held by Stewart Title & Trust. On October 20, however, the IRS released the levy based on its conclusion that the sale had been completed prior to the assessment. At that time, the IRS stated that it would not discharge or release any liens attaching to the house purchased with the funds in the escrow account.

The sellers' mortgage provided for acceleration of the entire amount due if the property was conveyed without written consent of the mortgagee. On November 7, the mortgagee advised that it would not consent to Ms. Ordean's assumption of the mortgage. Ms. Ordean did not purchase the house, and it was subsequently sold at a lower price to someone else.

An interpleader action followed in which these claims were made on the escrow account: (1) by Stewart Title & Trust, for its expenses as escrow agent (not at issue on this appeal); (2) by Tom Jackson & Associates, for its brokerage commission; (3) by Dr. & Mrs. Huddle, for the balance as liquidated damages for Ms. Ordean's failure to purchase the property; (4) by Ms. Ordean, who claimed that the sellers failed to fulfill a condition of the purchase agreement; (5) by the United States, claiming that the money was community property of Gary Brazil and Janice Ordean, and thus subject to its tax lien.

These claims raise two issues on this appeal: First, whether Ms. Ordean is liable for breach of contract so that the sellers and broker are entitled to damages;[1] second, whether the United States has a valid lien on whatever portion of the fund would otherwise be returned to Ms. Ordean.

### Breach of Contract

The question here is which party was to bear the risk that the mortgagee would not approve the conveyance to Ms. Ordean. The sellers claim that Ms. Ordean promised unconditionally to assume the mortgage, meaning that she would pay the entire principal amount if the mortgagee failed to approve the conveyance and invoked the acceleration clause. We apply Arizona law to resolve this issue, and rule that the agreement cannot be construed as an unconditional promise.

One who promises unconditionally to assume a mortgage cannot later justify nonperformance when a clause in the mortgage operates to make the entire principal payable at once. *Baker v. Leight,* 91 Ariz. 112, 116, 370 P.2d 268, 270–71 (1962) (dictum). We find from

---

1. This issue was first resolved by the district court in its April 13, 1973, order for partial summary judgment. It was not until November 14, 1973, that the court granted summary judgment against the United States and ordered disbursement of the escrow fund. The order of April 13 was not an appealable final judgment, Fed.R.Civ.P. 54(b), 56(d), and thus is reviewable on appeal of the final judgment entered November 14.

the totality of the transaction, however, that Ms. Ordean did not promise unconditionally to assume the mortgage but rather promised only to take over the seller's payments under the mortgage. Although the original purchase agreement was not expressly made conditional on the mortgagee's approval, the subsequent escrow agreement provided with regard to the mortgage that, "Buyer pays installment due Sept. 1969 and all subsequent." Under the terms of this agreement, Ms. Ordean promised only to pay installments on the mortgage and not the entire principal. In such a case, it becomes "the seller's obligation to secure from the mortgagee a valid waiver of clauses which differ from and which are more onerous than the agreement." *Baker v. Leight, supra* at 116, 370 P.2d at 271; *see Lane v. Bisceglia,* 15 Ariz. App. 269, 488 P.2d 474 (1971).

■ The broker claims that it is entitled to a commission of $2,802 under the escrow agreement. Under Arizona law a broker's commission is normally earned upon agreement of the parties to a binding contract even if one of the parties subsequently defaults. *Lockett v. Drake,* 43 Ariz. 357, 360, 31 P.2d 499, 500 (1934). However, the broker in this case represented the sellers, and its right to a portion of the escrow account would derive from the sellers' right to the earnest money. Since we have held that the sellers are entitled to nothing, then the broker's derivative rights can be no greater.

■ In addition, the broker was not a party to the escrow agreement and thus any direct rights it had under the agreement could only be as a third party beneficiary. Such rights were extinguished when the contract was not performed, regardless of which party was at fault. *Maricopa Realty & Trust Co. v. VRD Farms, Inc.,* 10 Ariz.App. 524, 528, 460 P.2d 195, 198–99 (1969).

### The Federal Tax Lien

It is not clear that appellees have standing to challenge the validity of the jeopardy assessment against Gary Brazil, upon which the government's lien is based. *See Graham v. United States,* 243 F.2d 919, 922 (9th Cir. 1957). Nor did appellees advance their arguments regarding the assessment on this appeal. Thus we do not regard the summary judgment as having been based on a determination that the assessment against Gary Brazil was in any way defective.

■ The government's release of its levy on this escrow account does not operate to exempt the fund from the lien upon which the levy was based. The release was made because the IRS concluded that the sale of the house had been completed before the lien could attach to the escrow account. However, the IRS maintained that the lien would attach to the house purchased with this fund. This can be regarded as a release to "facilitate the collection of the liability," which does not even prevent a subsequent levy. Int.Rev.Code of 1954, § 6343(a). Much less would it exempt the fund from a civil action to enforce the tax lien. In any event, section 7403(a) authorizes the enforcement of a tax lien "whether or not levy has been made." And there has been no release or discharge of the tax lien in this case. *See id.* § 6325.

■ Appellees contend that the escrow fund is the separate property of Janice Ordean, not subject to the tax lien against her husband's property. The validity of this contention depends on the determination of controverted facts and thus is not a proper ground for summary judgment.

■ In the alternative, appellees suggest that if Gary Brazil does have an interest in the fund, section 7403(b) requires that he have been made a party to this action. The section, however, speaks of persons "*claiming* any interest in the property involved" (emphasis added). The record contains disclaimer deeds to the subject property signed by Gary Brazil. On the other hand, the federal tax lien is upon "all property and rights to property, whether real or personal, *belonging* to such person." *Id.*

§ 6321 (emphasis added). Moreover, this lien arises at the time the assessment is made, *id.* § 6322, whereas the requirement of section 7403(b) pertains to the time litigation is instituted. Accordingly, we conclude that Gary Brazil is not a necessary party to this action, although this determination is not dispositive of the government's claim on the merits.

We reverse and remand for further proceedings to determine whether the government's tax lien against Gary Brazil entitles it to the fund here in dispute.