**Sherry L. WILLIAMSON, Plaintiff–Appellee,**

v.

**UNUM LIFE INSURANCE COMPANY OF AMERICA, Defendant–Appellant.**

No. 97–56164.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 1998.

Decided Nov. 24, 1998.

Russell G. Petti, Bannon, Green, Smith, Frank & Rimac, Los Angeles, California; Tamarra T. Rennick, UNUM Life Insurance Company of America, Portland, Maine, for the defendant-appellant.

Sharon J. Arkin, Shernoff, Bidart, Darras & Arkin, Claremont, California, for the plaintiff-appellee.

Before: MELVIN BRUNETTI, FERDINAND F. FERNANDEZ, and M. MARGARET MCKEOWN, Circuit Judges.

BRUNETTI, Circuit Judge:

Appellee, Sherry Williamson, filed this lawsuit after Appellant, UNUM Life Insurance Company of America, canceled the benefits she was receiving under a long term disability plan issued by UNUM to Williamson's employer. UNUM appeals from two district court orders granting Williamson partial summary judgment on the issue of the proper standard of review and the issue of cooperation. We dismiss UNUM's appeal for lack of jurisdiction.

## BACKGROUND

Appellee, Sherry Williamson, began working for Landmark Land Company, Inc. in 1981. Because of her employment with Landmark, Williamson was covered by a long term disability insurance plan issued to Landmark by UNUM Life Insurance Company of America.

Two months after she suffered injuries in an automobile accident, Williamson found that she was unable to perform her duties at Landmark because of those injuries. In October 1991, she submitted a claim for disability benefits to UNUM alleging that she was permanently disabled from brain injuries she suffered in the automobile accident. UNUM began paying benefits to Williamson once UNUM received the required documentation of Williamson's disability.

UNUM eventually terminated Williamson's disability benefits claiming that, despite numerous request for information, Williamson failed to provide the necessary documentation regarding her continued disability. Williamson contends that she provided UNUM with all the necessary information.

Williamson commenced this lawsuit seeking declaratory relief, injunctive relief, recovery of benefits, and attorneys' fees. After Williamson filed this lawsuit, UNUM filed a motion seeking a partial summary judgment order declaring that the standard of review the district court would employ would be abuse of discretion. The district court denied UNUM's motion and sua sponte granted partial summary judgment in favor of Williamson holding that de novo review was the proper standard of review to be employed by

the district court in this case. The district court reasoned that the disability plan did not confer discretion on UNUM and, therefore, UNUM was not entitled to abuse of discretion review.

After UNUM's motion for partial summary judgment on the proper standard of review was denied, UNUM filed a second motion for summary judgment arguing that UNUM was entitled to cancel Williamson's benefit payments in December of 1993 because Williamson failed to cooperate with UNUM as required by the policy. The district court, employing the de novo standard of review, denied UNUM's motion for summary judgment and sua sponte granted Williamson partial summary judgment on the issue of cooperation. The district court concluded that, as a matter of law, UNUM was not entitled to terminate Williamson's benefits based on an alleged failure to cooperate because Williamson had provided UNUM with a written authorization that permitted UNUM to obtain the information it needed.

Because the plan administrator never reached the merits of Williamson's claim for benefits, the district court remanded Williamson's claim "to the plan administrator to supplement the administrative record and make a determination of whether Plaintiff continued to be disabled from the time her benefits were suspended to the present." UNUM appeals from the two district court orders granting Williamson partial summary judgment and remanding Williamson's claim to the plan administrator.

## DISCUSSION

■ The issue of appellate jurisdiction must always be resolved before the merits of an appeal are examined or addressed. *In re Pizza of Hawaii, Inc.,* 761 F.2d 1374, 1377 (9th Cir.1985). Jurisdiction is never to be assumed, and in every case, jurisdiction must exist by way of some affirmative source.

### A. *Section 1291 and the Final Judgment Rule*

■ Appellate jurisdiction generally arises from 28 U.S.C. § 1291. The final judgment rule, which is embodied in 28 U.S.C. § 1291, empowers the circuit courts to hear appeals from all final judgments issued by the district courts. *Dannenberg v. Soft-*

*ware Toolworks Inc.,* 16 F.3d 1073, 1074 (9th Cir.1994). A final judgment is " 'a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Id.* (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)). Orders granting partial summary judgment are, absent special circumstances, not appealable final orders under § 1291 because partial summary judgment orders do not dispose of all claims and do not end the litigation on the merits. *Service Employees International Union, Local 102 v. County of San Diego,* 60 F.3d 1346, 1349 (9th Cir.1994) (hereinafter *SEIU, Local 102* ); *Cheng v. Commissioner Internal Revenue Service,* 878 F.2d 306, 309 (9th Cir.1989). The district court's orders granting Williamson partial summary judgment are not appealable final orders unless they present the special circumstances which warrant a finding of practical finality.

■ Special circumstances warrant a conclusion of practical finality in regard to a partial summary judgment order when:

(1) the case was a marginally final order, (2) disposed of an unsettled issue of national significance, (3) review implemented the same policy Congress sought to promote in § 1292(b), and (4) the finality issue was not presented to the appellate court until argument on the merits, thereby ensuring that policies of judicial economy would not be served by remanding the case with an important unresolved issue.

*SEIU, Local 102,* 60 F.3d at 1350 (internal quotation marks omitted). These special circumstances create only a very narrow exception to the final judgment rule. *All Alaskan Seafoods, Inc. v. M/V Sea Producer,* 882 F.2d 425, 428 n. 2 (9th Cir.1989). The district court's partial summary judgment orders in this case do not present the type of special circumstances which satisfy the practical finality exception to the final judgment rule.

Neither grant of partial summary judgment was marginally final because the district court did not resolve Williamson's claims for injunctive relief, declaratory relief, or disability benefits. Without ever reaching the merits of Williamson's claim, the district

court remanded the claim to the plan administrator for a determination of whether Williamson was disabled and, if so, the amount of the benefits to which she would be entitled under the plan. Neither partial summary judgment order determined an issue of national significance because both partial summary judgment orders addressed issues that were specific to the facts of this case. The first partial summary judgment order focused on the policy language at issue in this case and the second partial summary judgment order focused on the specific actions of Williamson and UNUM. The finality issue was presented to this Court before argument on the merits and review at this time would not advance the policies of 28 U.S.C. § 1292(b). The issue of the proper standard of review is not fully dispositive of all the issues in this case, and the cooperation issue may be dispositive if Williamson failed to cooperate, but, if she did cooperate, then there must still be a determination on the merits of whether she is entitled to benefits. The circumstances of this case do not warrant a finding of practical finality.

 Contrary to UNUM's assertions, appellate jurisdiction in this case cannot be predicated on Ninth Circuit case law that permits, under certain circumstances, a party to appeal an order remanding a case to an administrative agency. A district court order that remands a case to an administrative agency is appealable only when: " '(1) the district court order conclusively resolve[d] a separable legal issue, (2) the remand order forces the agency to apply a potentially erroneous rule which may result in a wasted proceeding, and (3) review would, as a practical matter, be foreclosed if an immediate appeal were unavailable.' " *Rendleman v. Shalala*, 21 F.3d 957, 959 n. 1 (9th Cir.1994) (quoting *Chugach Alaska Corp. v. Lujan*, 915 F.2d 454, 457 (9th Cir.1990)). The district court's order remanding Williamson's claim to the plan administrator does not satisfy the requirements stated in *Rendleman*.[1]

Because the district court has not yet entered a final judgment pursuant to Rule 58 nor directed the entry of a judgment on the

standard of review and cooperation issues pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, review of the district court's orders will not be foreclosed if this appeal is dismissed. *See Stewart Title & Trust of Phoenix v. Ordean*, 528 F.2d 894, 897 n. 1 (9th Cir.1976) (partial summary judgment orders are reviewable on appeal from final judgment). In spite of the district court's remand, because fewer than all of the claims of the parties have been decided by the district court's two partial summary judgment orders, the action has not terminated as to any of the claims and the district court orders are subject to revision at any time prior to the entry of judgment adjudicating all of the claims. Fed.R.Civ.P. 54(b).

The district court's remand order does not force the plan administrator to apply a potentially erroneous legal standard. The court has decided the issue of cooperation, but the court has remanded the case

> to the administrator to supplement the administrative record and make a determination of whether Plaintiff continued to be disabled from the time her benefits were suspended to the present. If Plaintiff is found to be disabled, the administrator is to determine the amount of benefits to which Plaintiff is entitled after any offset.

The remand order simply requires the plan administrator to apply the plan as written, make factual findings, and complete the administrative record. It does not require the application of a new or erroneous standard and it does not satisfy the requirements needed to render the order appealable. In other words, we do not read the district court order to require the award of benefits, despite UNUM's contention that Williamson is not entitled to them because she did not cooperate. Rather, as we see it, UNUM must make the necessary determinations regarding disability and the amount of benefits, and must then determine whether it will actually award benefits in this case. Its determinations will then be subject to further review by the district court.

---

1. Because the partial summary judgment and remand orders do not satisfy the requirements of *Rendleman*, there is no need to determine whether an order remanding an ERISA claim to a plan administrator (rather than an order remanding a claim to an administrative agency) is appealable under *Rendleman* if the remand order satisfies the *Rendleman* requirements.

The First Circuit addressed the issue of appellate jurisdiction in a case very similar to the one now before this Court and concluded that appellate jurisdiction did not exist. *See Petralia v. AT & T Global Information Solutions Co.*, 114 F.3d 352 (1st Cir.1997). In *Petralia*, the district court concluded that the insurer failed to provide the claimant with adequate notice as required by ERISA and remanded the claimant's claim to the plan administrator for a determination of whether the insured was entitled to benefits. *Id.* at 353. The First Circuit concluded that the order granting the claimant summary judgment on the issue of notice and remanding the claimant's claim to the plan administrator was not an appealable final order.

The First Circuit reasoned that because the remand order required further proceedings and findings of fact the remand order was not an appealable final judgment. *Petralia*, 114 F.3d at 354. The court stated:

[I]mplicit in a district court's order of remand to a plan fiduciary is an understanding that after a new decision by the plan fiduciary, a party seeking judicial review in the district court may do so by a timely motion filed in the same civil action, and is not required to commence a new civil action.

*Id.* at 355. The First Circuit's reasoning is persuasive.

Although this Court has not squarely addressed the jurisdictional issue raised by this case, this Court has noted previously that it had jurisdiction under 28 U.S.C. § 1291 to hear an appeal from a district court order remanding an ERISA claim to a plan administrator. *Snow v. Standard Ins. Co.*, 87 F.3d 327 (9th Cir.1996). The *Snow* opinion did not, however, discuss or address the jurisdictional issue. The opinion simply stated that "[w]e have jurisdiction pursuant to 28 U.S.C. § 1291." *Id.* at 330. The *Snow* opinion did indicate that the district court in *Snow*, using an abuse of discretion standard, conducted a full record review of the plan administrator's decision to deny Snow's claim, addressed the

merits of Snow's claims against the disability plan administrator, and concluded on the merits that there was evidence to support the plan administrator's decision. In spite of that determination, the district court was of the opinion that additional evidence should be obtained. The district court remanded Snow's claim to the plan administrator for further evidence development and awarded attorneys' fees and costs to Snow. *Id.* at 329, 332–333.

In contrast, the district court in this case only granted partial summary judgment, never addressed the merits of Williamson's claims, and never entered a final judgment pursuant to Rule 58. Neither party in this case ever even sought a final judgment pursuant to Rule 58 or a certified judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.[2] Thus, *Snow* does not warrant the conclusion that this Court has jurisdiction to hear UNUM's appeal.

In light of the relevant Ninth Circuit precedent, the recent First Circuit opinion, and the fact that the parties failed to obtain a final judgment pursuant to Rule 58 or a certified judgment pursuant to Rule 54(b), the district court's partial summary judgment orders do not constitute an appealable final order. UNUM's appeal must be dismissed for lack of jurisdiction unless the partial summary judgment orders constitute appealable collateral orders under the collateral order doctrine.

### B. The Collateral Order Doctrine

The collateral order doctrine creates a very limited exception to the final judgment rule. *Swint v. Chambers County Comm'n*, 514 U.S. 35, 42, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995); *Orange County v. Hongkong & Shanghai Banking Corp.*, 52 F.3d 821, 823 (9th Cir.1995). A non-final order is appealable under the collateral order doctrine if the non-final order is: (1) conclusively determinative; (2) completely separate from the merits; and (3) effectively unre-

---

2. By mentioning Rule 54 and Rule 58, we do not imply that one of these mechanisms could properly bring the partial summary judgment orders before this Court for an appeal. *See Arizona State Carpenters Pension Trust Fund v. Miller*, 938 F.2d 1038, 1039 (9th Cir.1991) (to establish ap-

pellate jurisdiction, circuit court must determine the judgment it is reviewing is final even if the district court certified the judgment under Rule 54); *Spurlock v. Federal Bureau of Investigation*, 69 F.3d 1010, 1015 (9th Cir.1995) (compliance with Rule 58 is not jurisdictional requirement).

viewable on appeal from the final judgment in the case. *Swint*, 514 U.S. at 42, 115 S.Ct. 1203; *Orange County*, 52 F.3d at 823. The district court's partial summary judgment orders do not constitute appealable collateral orders under the collateral order doctrine.

The district court's partial summary judgment orders did determine the issue of what standard of review applied and the issue of Williamson's cooperation, but neither partial summary judgment order is conclusively determinative because Williamson's claim for disability benefits remains unresolved. The partial summary judgment orders, especially the partial summary judgment order regarding Williamson's cooperation, are not separate from the merits of Williamson's claim for benefits. Because a failure to cooperate can render an insured ineligible for benefits, the issue of cooperation is directly intertwined with Williamson's ultimate claim for disability benefits. The partial summary judgment orders are not effectively unreviewable on appeal from a final judgment. *See Stewart Title & Trust of Phoenix*, 528 F.2d at 897 n. 1. As discussed above, the district court has not entered a final judgment under Rule 58 or a judgment under Rule 54(b) or terminated any of Williamson's claims. The district court may still revise its prior orders before it enters a judgment in this case. Accordingly, the district court's partial summary judgment orders are not appealable under the collateral order doctrine.

The First Circuit's decision in *Petralia* also reinforces the conclusion that the district court's partial summary judgment orders are not appealable under the collateral order doctrine. The First Circuit reasoned that because the summary judgment order being appealed addressed the issue of the insurer's compliance with ERISA, the order went to the heart of the insured's claim for benefits and was not an appealable collateral order because it was not separate from the merits of the action. *Petralia*, 114 F.3d at 354. The First Circuit dismissed the appeal for lack of jurisdiction because the remand order was neither an appealable final order nor an appealable collateral order. *Id.* at 355. Just as the First Circuit's reasoning is persuasive in regard to the final judgment rule, the First Circuit's reasoning is persuasive in regard to the collateral order doctrine.

UNUM's argument that it will be forced out of court once this appeal is dismissed is without merit. Although the district court stamped the partial summary judgment orders pursuant to Rule 77 of the Federal Rules of Civil Procedure, the district court never entered a final judgment. It is possible that after the plan administrator resolves Williamson's claim for benefits, the district court will review the administrator's determinations de novo. It is also possible that the district court will resolve Williamson's claims for attorneys' fees, declaratory relief, and injunctive relief after the administrator resolves Williamson's claim for benefits. Based on the record before this Court, it is impossible to determine what the parties or the district court intends to do or when the parties will seek or the district court will enter a final judgment. One thing is certain, until the district court enters a final judgment in this case, UNUM will not be able to obtain review of the partial summary judgment orders.

Additionally, either party could have attempted to invoke this Court's jurisdiction by following proper procedural avenues. UNUM could have attempted to obtain review of the district court's orders by following the procedures found in Rule 54 of the Federal Rules of Civil Procedure and by seeking a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. This Court will not and cannot manipulate or strain the jurisdiction requirement simply because the case is procedurally deficient. UNUM's argument that it will be frozen out of court does not persuade this Court to somehow find jurisdiction where it does not exist in order to hear the merits of this appeal.

**DISMISSED.**