EAKIN, Justice:
In this matter we are asked to revisit our holding in Baylor v. Confederated Salish and Kootenai Tribes, No. CV-039-92 (CS & KT Ct.App. June 28, 1996), 23 ILR 6221 (Nov.1996) that an order on summary judgment is not an appealable order if issues remain for the trial court. We decline to revisit the issue and dismiss the appeal without prejudice.
BACKGROUND
Lee Bell obtained a series of loans from appellee (Tribal Credit). The loans were secured by a mortgage on eighty acres of trust land owned by Lee [1] Lee died in August 1984. Melissa Michel, Lee’s daughter inherited the eighty acres subject to a life estate held by Lee’s wife. The Michels maintain that Tribal Credit required an annual payment for life insurance on Lee’s life but failed to maintain that policy. The loans fell into default after Lee’s death. Tribal Credit agreed not to foreclose if Melissa and her husband Leonard Michel wrould execute new promissory notes and mortgages. They did so in June of 1995. They subsequently defaulted on those notes and Tribal Credit brought this action to foreclose. The Michels filed an answer setting forth affirmative defenses and counterclaims alleging that the Lee’s loans should have been paid and the mortgages released at the time of his death if Tribal Credit maintained credit life insurance [2].
The trial court dismissed the counterclaims against Tribal Credit on the basis of sovereign immunity. It did not rule upon *89 the affirmative defenses arising out of the same facts as the counterclaims, the failure to provide life insurance on Lee.
The Michels appealed the order granting summary judgment on the counterclaims. After the Michels had completed and filed their brief in this court, Tribal Credit moved to dismiss the appeal on the grounds that the order granting partial summary judgment was not appealable. STANDARD OF REVIEW
If this court were to review the grant of summary judgment, it would do so de novo with all inferences being drawn in favor of the party against whom summary judgment was entered. However, “the issue of appellate jurisdiction must always be resolved before the merits of an appeal are examined or addressed.” Williamson v. UNUM Life Insurance Company of America, 160 F.3d 1247, 1250 (9th Cir.1998). The trial court never has the opportunity to address the question of whether an order is appealable under Section 1-2-817 CSKT Laws Codified. Ap-pealability is a question that can only arise in this court. We determine the appealability of a trial court order as a matter of law based on the record.
DISCUSSION
This court has previously held that a denial of summary judgment is not an appealable order. Baylor v. Confederated, Salish and Kootenai Tribes, supra,. We find Baylor, to be controlling on the matter before us. The grant of summary judgment on the counterclaims still left the underlying issue on the merits of Tribal Credit’s claim unresolved. It also left unresolved the affirmative defenses raised to that claim. Section 1-2-817 CSKT Laws Codified makes a final judgment appeal-able. The section also lists those actions in which an interlocutory appeal may be taken. Even appellants concede the trial court’s order is not a final judgment and is not one of the interlocutory orders specified as appealable order under Section 1-2-817 CSKT Laws Codified.
The Michels attempt to distinguish Baylor by noting that in Baylor the trial court had denied the motion for summary judgment rather than having granted the motion as in this case. We fail to see a significant legal difference. The trial court still had unresolved issues.
Appellants urge us to create a judicial exception to the final judgment rule when an order of the trial court is tantamount to a final judgment, the “practical finality” exception. Such an exception is recognized in limited circumstances the Ninth Circuit. See, All Alaskan Seafoods v. M/V Sea Producer, 882 F.2d 425 (9th Cir.1989). However, in Baylor we held that the Council had clearly limited interlocutory appeals by listing those cases in which it would be appropriate. As noted in Baylor, “The negative implications of these provisions are strong—that other interlocutory orders of the tribal court are not appeal-able to this court, ...” Baylor, at 23 ILR 6123. The implications are even stronger now then when this court decided the issue in Baylor. We will presume that the Council is cognizant of this court’s decisions, particularly in those cases in which we rule against the Tribes as in Baylor. Since our decision in Baylor, the Council has recodi-fied the then existing code and tribal ordinances. Had the Council wanted to make a change to interlocutory appeals, it could have done so by ordinance or when adopting the 2000 recodification. It kept the identical language in section 1-2-817 CSKT Laws Codified as in the prior code provisions at § 3-2-303 Parts (1), (2) and (3), ;
Even if this court'were inclined to create a “practical finality” exception, this case *90 would not be one where such an exception would be appropriate. The ruling of the trial court is not tantamount to a final judgment. The same facts that gave rise to the counterclaim also give rise to the affirmative defenses. All issues raised by the Michels are still before trial court. The Michels may still present evidence and argument as to the alleged negligence or malfeasance of Tribal Credit, and, absent any other peremptory defenses, the trial court will still rule on the those issues. The order granting summary judgment was not tantamount to a final judgment on the Michel’s issues.
CONCLUSION
The trial court’s grant of a partial summary judgment is not a final judgment that may be appealed to this court. The appeal is dismissed without prejudice.

. Two loans were secured by 40 acres in allotment 2537 and three loans were secured by an adjacent 40 acres in allotment 2536.

. In the complaint, Tribal Credit alleges that the Michel notes required ’'mortgage life insurance.” The Michels admit there were to be charges for mortgage insurance but deny it was "mortgage life insurance.” The parties have each now taken the opposite positions as to Lee’s loans. From the record before us, we are unable to determine if Lee’s loan contracts called for mortgage insurance or credit life insurance and, if credit life, whether Lee was eligible for coverage. While those issues may be determinative of the defenses still pending in the trial court, they are not essential to our holding today.