**Calvin FISHER and Penny Fisher, Plaintiffs–Appellants,**

v.

**AETNA LIFE INSURANCE COMPANY, Defendant–Appellee.**

No. 04–16455.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 17, 2006.

Filed June 8, 2006.

Kevin M. Arnold, Esq., Tucson, AZ, for Plaintiffs–Appellants.

Brenden James Griffin, Esq., Lewis & Roca, LLP, Tucson, AZ, Susan M. Freeman, Esq., Lewis & Roca, LLP, Phoenix, AZ, for Defendant–Appellee.

Before: RYMER and WARDLAW, Circuit Judges, and ALSUP, District Judge.*

MEMORANDUM **

Calvin and Penny Fisher appeal the district court's decision to remand to the ERISA plan administrator, Aetna Life Insurance Company, for determination of the Fishers' entitlement to accidental death benefits. We lack jurisdiction to review the district court's remand order.

The district court had jurisdiction over this ERISA action pursuant to 29 U.S.C. § 1132(e)(1). Courts of appeals, however, have jurisdiction solely over appeals from "final decisions of the district courts of the United States." 28 U.S.C. § 1291. Under our precedent, an order remanding to an ERISA plan administrator is only final and appealable when:

(1) the district court order conclusively resolved a separable legal issue, (2) the remand order forces the agency to apply a potentially erroneous rule which may result in a wasted proceeding, and (3) review would, as a practical matter, be foreclosed if an immediate appeal were unavailable.

---

* The Honorable William Alsup, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Banuelos v. Constr. Laborers' Trust Funds for S. Cal.,* 382 F.3d 897, 903 (9th Cir.2004); *see also Hensley v. N.W. Permanente P.C. Ret. Plan & Trust,* 258 F.3d 986, 993 (9th Cir.2001); *Rendleman v. Shalala,* 21 F.3d 957, 959 n. 1 (9th Cir. 1994).

This three-factor test has not been met here. *First,* the district court did not decide any separable legal issue. The district court simply declined to rule on an issue the plan administrator did not reach, namely whether benefits were due under the correct plan, and remanded for the plan administrator to make that determination in the first instance. In doing so, it did not rely upon evidence outside the record. *See Saffle v. Sierra Pac. Power Co. Bargaining Unit Long Term Disability Income Plan,* 85 F.3d 455, 460–61 (9th Cir.1996). *Second,* remand will not be a wasted procedure. The plan administrator has not been asked to apply any erroneous rule. Rather, the exclusion question is a new determination based on what all agree is the correct policy. *Third,* if the administrator determines that an exclusion applies, the Fishers will be able to challenge that determination in the district court subject to appellate review. *See Williamson v. UNUM Life Ins. Co. of Am.,* 160 F.3d 1247, 1251 (9th Cir.1998).

**APPEAL DISMISSED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). The panel referred this case for inclusion in the Mediation Program. Since mediation failed, the clerk is now ordered to file this disposition.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.