**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QWEST CORPORATION, | No. 08-15887 |
| Plaintiff - Appellee, | D.C. No. 2:06-CV-02130-SRB |
| v. | |
| ARIZONA CORPORATION COMMISSION, | MEMORANDUM [*] |
| Defendant, | |
| MIKE GLEASON et al., | |
| Defendants - Appellees, | |
| LEVEL 3 COMMUNICATIONS, LLC, | |
| Defendant - Appellant, | |
| and | |
| PAC-WEST TELECOMM, INC., | |
| Defendant, | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued November 4, 2009; Resubmitted February 19, 2010
San Francisco, California

Before: B. FLETCHER, CANBY, and GRABER, Circuit Judges.

Level 3 Communications, LLC ("Level 3"), and Qwest Corporation ("Qwest") entered into an Interconnection Agreement to provide for the exchange of Internet Service Provider ("ISP")-bound traffic pursuant to the Telecommunications Act of 1996 ("the Act"). The parties agreed to exchange "ISP-bound traffic (as that term is used in the FCC [Federal Communications Commission] ISP [Remand] Order) at the FCC ordered rate, pursuant to the FCC ISP [Remand] Order." Level 3 filed a complaint with the Arizona Corporation Commission ("Commission"), claiming that this provision required Qwest to pay intercarrier compensation to Level 3 for virtual NXX calls (calls to a customer whose area code bears no relation to its physical location). The Commission ruled in favor of Level 3, and Qwest appealed to the district court. Level 3 now appeals an order from the district court that remanded the case to the Commission.

We dismiss the appeal as being from a non-final order. A remand order

> is considered final where (1) the district court conclusively resolves a
> separable legal issue, (2) the remand order forces the agency to apply
> a potentially erroneous rule which may result in a wasted proceeding,
> and (3) review would, as a practical matter, be foreclosed if an
> immediate appeal were unavailable.

Chugach Alaska Corp. v. Lujan, 915 F.2d 454, 457 (9th Cir. 1990).  Here, the remand order fails the third prong because denying an appeal now would not foreclose review in the future.  The district court in this case did not resolve Qwest's claims for relief, and it did not enter a final judgment.  In fact, the district court did not enter judgment on any of the issues presented by Qwest.

Our precedent instructs that a remand order may be considered a final, appealable order only when "review would, as a practical matter, be foreclosed if an immediate appeal were unavailable."  Alsea Valley Alliance v. Dep't of Commerce, 358 F.3d 1181, 1184 (9th Cir. 2004) (internal quotation marks omitted).  Neither party is foreclosed from seeking appellate review, in the future, of any legal determination made in the district court's final order.  Because the remand order is not a final, appealable order, we must dismiss the appeal.  See Williamson v. UNUM Life Ins. Co. of Am., 160 F.3d 1247 (9th Cir. 1998) (holding that a remand order was not a final order); Alsea Valley Alliance, 358 F.3d at 1184 (same).

DISMISSED.