NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CASCADE NATURAL GAS CORPORATION, a Washington corporation,<br><br>        Plaintiff-Appellee,<br><br> v.<br><br>INTERNATIONAL CHEMICAL WORKERS UNION COUNCIL/UFCW LOCAL 121-C,<br><br>        Defendant-Appellant. | No.   17-35532<br><br>D.C. No. 1:16-cv-03163-SMJ<br><br><br>MEMORANDUM[*] |
| CASCADE NATURAL GAS CORPORATION, a Washington corporation,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>INTERNATIONAL CHEMICAL WORKERS UNION COUNCIL/UFCW LOCAL 121-C,<br><br>        Defendant-Appellee. | No.   17-35561<br><br>D.C. No. 1:16-cv-03163-SMJ |

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Argued and Submitted October 11, 2018
Seattle, Washington

Before: N.R. SMITH, and CHRISTEN, Circuit Judges, and PAYNE,[**] District Judge.

Cascade Natural Gas Corporation ("Cascade") and International Chemical Workers Council/UFCW Local 121-C (the "Union") appeal from the District Court's ORDER REMANDING TO ARBITRATOR (the "REMAND ORDER") in which the District Court: (1) remanded the arbitrator's decision for clarification; (2) denied Cascade's motion for summary judgment; and (3) denied in part and granted in part the Union's cross motion for summary judgment. Both parties asserted, in conclusory fashion, that we have jurisdiction under 28 U.S.C. § 1291 because this is an appeal from a final decision of the District Court. Following oral argument, however, the Court raised the issue of its jurisdiction *sua sponte* and ordered the parties to file supplemental briefing on that issue. Cascade and the Union take the view that the REMAND ORDER was a final order of the District Court, and that, therefore, we have jurisdiction to entertain the appeal and the cross-appeal. We

---

[**] The Honorable Robert E. Payne, United States District Judge for the Eastern District of Virginia, sitting by designation.

conclude that the REMAND ORDER is not a final decision of the District Court and that we lack jurisdiction to review it. Therefore, we dismiss the appeal.

Whether we have jurisdiction to review the District Court's REMAND ORDER is a threshold question that "must always be resolved before the merits of an appeal are examined or addressed." *Williamson v. UNUM Life Ins. Co. of Am.*, 160 F.3d 1247, 1250 (9th Cir. 1998) (citation omitted). That is because "[j]urisdiction is never to be assumed, and in every case, jurisdiction must exist by way of some affirmative source." *Id.* And, this is true even if oral argument has already occurred. *See Kirkland v. Legion Ins. Co.*, 343 F.3d 1135, 1139 (9th Cir. 2003) ("At oral argument, neither party was able to identify a basis for appellate jurisdiction. Thus we must satisfy ourselves that these appeals are properly before us.") (citation omitted).

Under 28 U.S.C. § 1291, we "have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ." As we have explained, section 1291 "restrict[s] appellate jurisdiction to situations where the order of the district court 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1304 (9th Cir. 1981) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). "[T]he finality requirement of section 1291 'should be given a practical rather than a technical construction.'" *Ramirez v. Fox Television Station, Inc.*, 998

F.2d 743, 746 (9th Cir. 1993) (quoting *United States v. Lee*, 786 F.2d 951, 956 (9th Cir. 1986)). Thus, we look at the "effect of the [District Court's] ruling rather than the label placed on it." *Lee*, 786 F.2d at 955. Put another way, "an order which effectively sends a party out of court is appealable." *Id.* at 956.

We also look for typical indicia of finality in the district court's order. *See Ramirez*, 998 F.2d at 746-47. Generally, an order denying summary judgment is not a final order, *see, e.g.*, *Abend v. MCA, Inc.*, 863 F.2d 1465, 1482 n.20 (9th Cir. 1988), nor is an order granting only partial summary judgment. *Williamson*, 160 F.3d at 1250. Additionally, we have held that a district court order that remands for clarification but does not also decide a separable legal issue is not final under section 1291:

> The remand order from which Gilcrist appeals does no more than order clarification of the administrative decision. If, after the remand, appellant Gilcrist is still not satisfied with the Secretary's determination, it will be for the district court to determine if it is in accordance with the law. Until such time as the district court enters a final order either approving or disapproving the agency action, there is nothing for us to review.

*Gilcrist v. Schweiker*, 645 F.2d 818, 819 (9th Cir. 1981) (per curiam). In the remand context, "[i]t is necessary therefore to consider precisely what the District Court held

and why it remanded this case . . . ." *Sullivan v. Finkelstein*, 496 U.S. 617, 623 (1990). [1]

With this guidance in mind and applying the controlling precepts used to determine finality, we now turn to deciding whether the REMAND ORDER is a final order over which we have appellate jurisdiction. Assessing the REMAND ORDER by looking at its effect, by assessing indicia of finality, and by according § 1291 a practical construction, we conclude that the REMAND ORDER is not a final order. That is so because the order clearly does not end the matter. Rather, it contemplates that the case will return to the District Court after the arbitrator clarifies whether his award draws its essence from the Collective Bargaining Agreement ("CBA"), as required by the REMAND ORDER. Only after the District Court considers the arbitrator's clarified award and issues its own decision vacating or confirming that award will the matter be ended and the parties be effectively sent out of court.

Although the parties argue otherwise, clarification of the arbitrator's award will impact whether the award is confirmed or vacated by the District Court. Thus, the District Court held:

---

[1]     Although this case was filed under the Labor Management Relations Act, 29 U.S.C. § 185, we note that under the Federal Arbitration Act, 9 U.S.C. §§ 1-16, the remand of an arbitration award for clarification is not a final order. *See Sanchez v. Elizondo*, 878 F.3d 1216, 1220 (9th Cir. 2018).

> In this circumstance, because it is unclear whether the Arbitrator ignored a provision of the CBA—which would justify vacating the award—or simply failed to explain his reasoning or made an error—which, under the extraordinarily deferential standard of review, would not—the Court finds that remand to the Arbitrator for clarification is appropriate.

As the District Court has said, the significance given by the arbitrator to the CBA's limitation on his authority (in Article 5, Section 4) will indeed be important, perhaps even dispositive, in whether the District Court can find that the award draws its essence from the CBA.[2]

We conclude that the REMAND ORDER continues the arbitration and that the litigation over the award is not ended thereby. Rather, as the District Court contemplated, the arbitrator will clarify his decision and then the matter will be decided by the District Court. It then will be amenable to appellate jurisdiction.

Accordingly, the appeal is DISMISSED.

---

[2] Our conclusion is not altered by the District Court's partial grant of summary judgment to the Union or its direction to close the case because that is an administrative instruction to the Clerk of Court that in no way alters the articulated intent of the District Court to further consider the case after the arbitrator clarifies the basis for his opinion.