NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In the Matter of JOHN OLAF HALVORSON,<br><br>Debtor. | |
| WENETA M.A. KOSMALA, solely in her capacity as Chapter 7 Trustee of the Bankruptcy Estate; RICHARD BAEK; BAEK 153, LLC; PACIFIC COMMERCIAL GROUP, LLC,<br><br>    Plaintiffs-Appellees,<br><br>  v.<br><br>DAN L. HALVORSON, an individual; JERRY ANN RANDALL, an individual,<br><br>    Defendants-Appellants. | No.   19-55097<br>D.C. No.  8:18-cv-00519-JVS |
| WENETA M.A. KOSMALA, solely in her capacity as Chapter 7 Trustee of the Bankruptcy Estate,<br><br>    Plaintiff-Appellant,<br><br>and<br><br>RICHARD BAEK; BAEK 153, LLC; PACIFIC COMMERCIAL GROUP, LLC,<br><br>    Plaintiffs,<br><br>  v. | No.   19-55099<br>D.C. No.    8:18-cv-00519-JVS |

DAN L. HALVORSON, an individual; JERRY ANN RANDALL, an individual,

Defendants-Appellees.

WENETA M.A. KOSMALA, solely in her capacity as Chapter 7 Trustee of the Bankruptcy Estate; RICHARD BAEK; BAEK 153, LLC; PACIFIC COMMERCIAL GROUP, LLC,

Plaintiffs-Appellees,

COREY TOLLIVER; CHRISTOPHER COYLE,

Appellees,

v.

DAN L. HALVORSON, an individual; JERRY ANN RANDALL, an individual,

Defendants-Appellants.

No. 19-55100

D.C. No. 8:18-cv-00520-JVS

WENETA M.A. KOSMALA, solely in her capacity as Chapter 7 Trustee of the Bankruptcy Estate,

Plaintiff-Appellant,

COREY TOLLIVER; CHRISTOPHER COYLE,

Appellees,

and

RICHARD BAEK; BAEK 153, LLC; PACIFIC COMMERCIAL GROUP, LLC,

Plaintiffs,

No. 19-55102

D.C. No. 8:18-cv-00520-JVS

2

v.

DAN L. HALVORSON, an individual; JERRY
ANN RANDALL, an individual,

Defendants-Appellees.

| | |
|---|---|
| WENETA M.A. KOSMALA, solely in her capacity as Chapter 7 Trustee of the Bankruptcy Estate, | No. 19-55105<br>D.C. No. 2:18-cv-07046-JVS-RAO |

Plaintiff-Appellant,

and

RICHARD BAEK; PACIFIC COMMERCIAL
GROUP, LLC; BAEK 153, LLC,

Plaintiffs,

v.

DAN L. HALVORSON, an individual; JERRY
ANN RANDALL, an individual,

Defendants-Appellees.

| | |
|---|---|
| GRACE BAEK, | No. 19-55106<br>D.C. No. 8:18-cv-00525-JVS |

Plaintiff-Appellee,

COREY TOLLIVER; CHRISTOPHER COYLE,

Appellees,

v.

WENETA M.A. KOSMALA, solely in her

3

capacity as Chapter 7 Trustee of the Bankruptcy Estate,

    Defendant-Appellant.

---

GRACE BAEK,

    Plaintiff-Appellee,

 v.

WENETA M.A. KOSMALA, solely in her capacity as Chapter 7 Trustee of the Bankruptcy Estate,

    Defendant-Appellant.

No. 19-55107

D.C. No. 8:18-cv-00528-JVS

MEMORANDUM[*]

Appeal from the U.S. District Court
for the Central District of California
James V. Selna, Senior District Judge, Presiding

Submitted February 9, 2021[**]
Pasadena, California

Before: BOGGS,[***] M. SMITH, and MURGUIA, Circuit Judges.

These appeals continue the ongoing saga surrounding John Halvorson's bankruptcy proceedings, which began in 2015. And precisely because those proceedings are still ongoing, we have no authority to interfere. Lacking jurisdiction, we dismiss.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Danny J. Boggs, Senior Circuit Judge of the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

1.     Grace and Richard Baek are judgment creditors of John Halvorson. They filed a fraudulent-conveyance claim against him, his mother Jerry Randall, and his brother Dan Halvorson in the Eastern District of California (District Court No. 2:15-cv-01425-AB-JPR). John Halvorson then petitioned for bankruptcy protection in the Central District of California, and Weneta Kosmala was appointed the bankruptcy trustee.

Ms. Kosmala purported to remove the Baeks' action from the Eastern District to the Central District's bankruptcy court. Although the Eastern District rejected Ms. Kosmala's filing, the bankruptcy court docketed the "removed" action as Adversary Proceeding No. 8:15-ap-1391-MW (the "1391 action"). Ms. Baek filed a separate declaratory-judgment action in the bankruptcy court, creating Adversary Proceeding 8:15-ap-1454-MW (the "1454 action").

Later, the bankruptcy court found the Baeks guilty of unclean hands because of their conduct in court-ordered mediation proceedings. As a result, the bankruptcy court held that equity precluded them from any relief in either the 1391 or the 1454 action. Shortly afterward, the defectiveness of Ms. Kosmala's "removal notice" came to the bankruptcy court's attention. The bankruptcy court stayed its unclean-hands judgment to allow the Eastern District to hear the removal issue. The Eastern District held that Ms. Kosmala's attempted removal was a nullity, but it nevertheless

5

transferred the fraudulent-conveyance case to the Central District (District Court No. 2:18-cv-07046-JVS).

With the matter now properly in the Central District, the district court took up the question of what effect the defective removal had on the bankruptcy court's unclean-hands judgment. Holding that the bankruptcy court had no subject-matter jurisdiction over the 1391 action (which, according to the district court, was improperly "removed"), the district court vacated the unclean-hands judgment as to that proceeding and ordered the bankruptcy court to dismiss the 1391 action entirely. And because the unclean-hands judgment in the 1454 action was tainted by factfinding in the illegal 1391 action, the district court vacated the judgment in that action as well, remanding for possible retrial on the unclean-hands issue. The district court's order also vacated Ms. Kosmala's then-pending motion to refer the properly transferred fraudulent-conveyance action to the bankruptcy court and to confirm or substitute her as the real party in interest. The court instructed Ms. Kosmala to refile the motion so that it could be rebriefed in light of the vacatur of the unclean-hands judgments. She did, and the district court granted her motion. The fraudulent-conveyance claim now resides in Adversary Proceeding 8:19-ap-1191-MW (the "1191 action").

Ms. Randall, Dan Halvorson, and Ms. Kosmala now appeal the district court's order with respect to its vacatur of the 1391 judgment (corresponding to our case

numbers 19-55097/099/100/102). Ms. Kosmala also appeals the order with respect to its vacatur of the 1454 judgment (corresponding to our case numbers 19-55106/107) and the order's vacatur of her motion to refer the fraudulent-conveyance claim (corresponding to our case number 19-55105), which the district court has since granted.[1]

2.     We have authority to hear appeals in bankruptcy cases under four different jurisdiction-conferring provisions: (1) 28 U.S.C. § 1291, for final decisions of the district court "acting in any capacity"; (2) 28 U.S.C. § 1292, for interlocutory appeals, either from certain kinds of orders (not at issue here) or ones certified by the district court; (3) 28 U.S.C. § 158(d)(1), for appeals from final decisions of the district court sitting in its bankruptcy-appellate capacity and of the bankruptcy appellate panel; and (4) 28 U.S.C. § 158(d)(2), for direct appeals from the bankruptcy court, the district court, and the bankruptcy appellate panel upon appropriate certification. *In re Gugliuzza*, 852 F.3d 884, 889 (9th Cir. 2017) (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253 (1992)). Because these appeals come to us without certification, we consider only whether we have jurisdiction under either § 1291 or § 158(d)(1).

---

[1] Because the district court granted her motion, we cannot provide "any effective relief" to Ms. Kosmala on this issue—appeal no. 19-55105 is therefore moot, and we lack not just statutory but also constitutional grounds for jurisdiction. *In re Burrell*, 415 F.3d 994, 998 (9th Cir. 2005) (quoting *Garcia v. Lawn*, 805 F.2d 1400, 1402 (9th Cir. 1986)).

Although both sections give us jurisdiction only from a "final" decision, we use different standards to measure finality for each section. Under § 1291, a final order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Williamson v. UNUM Life Ins. Co. of Am.*, 160 F.3d 1247, 1250 (9th Cir. 1998) (quoting *Dannenberg v. Software Toolworks Inc.*, 16 F.3d 1073, 1074 (9th Cir. 1994)). And that definition is the same regardless of the source of the appeal. *Gugliuzza*, 852 F.3d at 890. The idea behind this limit on our jurisdiction is to require parties to "raise all claims of error in a single appeal," *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981), so that we do not dispose of "what for practical purposes is a single controversy" in "piecemeal" fashion, *Cobbledick v. United States*, 309 U.S. 323, 325 (1940).

Recognizing that bankruptcy cases are different from usual civil litigation because they involve "'an aggregation of individual controversies,' many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor," *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1692 (2015) (quoting 1 *Collier on Bankruptcy* ¶ 5.08[1][b], p. 5–42 (16th ed. 2014)), we instead apply a more flexible, "pragmatic approach" to finality for appeals arising under § 158(d)(1). *See In re Perl*, 811 F.3d 1120, 1125 n.3 (9th Cir. 2016). If a bankruptcy court's decision both "resolves and seriously affects substantive rights" and "finally determines the discrete issue to which it is addressed," then we have found a district court's affirmance or reversal

of such a decision to "be final and immediately appealable." *Gugliuzza*, 852 F.3d at 894 (quoting *Perl*, 811 F.3d at 1126). And if a district court remands a case for further proceedings, we apply a four-factor test that weighs "(1) the need to avoid piecemeal litigation; (2) judicial efficiency; (3) the systemic interest in preserving the bankruptcy court's role as the finder of fact; and (4) whether delaying review would cause either party irreparable harm." *Ibid.* (quoting *Perl*, 811 F.3d at 1126). We depart from this general rule only if the district court's remand order is purely "mechanical" or "ministerial." *Id.* at 295 (quoting *In re Landmark Fence Co.*, 801 F.3d 1099, 1103 (9th Cir. 2015)).

3.     Because there is more litigation pending in these cases, "[w]e have no difficulty concluding that we lack jurisdiction under § 1291." *Gugliuzza*, 852 F.3d at 898. The key question is whether the district court's order is "final" for purposes of § 158(d)(1).

The appeals in case numbers 19-55106/107 are from a classic example of a district court's remand for further factfinding. The district court vacated the unclean-hands judgment against Ms. Baek in the 1454 action and remanded for potential retrial on the unclean-hands issue. As in *Gugliuzza*, "the risk of piecemeal litigation is significant." 852 F.3d at 899 (quoting *Landmark Fence*, 801 F.3d at 1103). It would be more efficient for the bankruptcy court first to retry the unclean-hands issue and then resolve the underlying declaratory action before we hear the case so

9

that we can resolve the parties' dispute "as a whole." *Ibid.* And "we interfere with the bankruptcy court's fact-finding role" by taking jurisdiction before that process concludes. *Ibid.* (quoting *King v. Stanton (In re Stanton)*, 766 F.2d 1283, 1287 (9th Cir. 1985)). Last, we discern no irreparable harm from allowing the proceeding to continue in its normal course before we hear the appeal. Thus, the district court's order as to the 1454 action is not final, and we have no jurisdiction to hear any appeals from it.

4.      By contrast, there is some question over the best characterization of the district court's order with respect to the 1391 action. If it was a reversal of a final bankruptcy-court order (as determined by the two-factor test from above), then it was final for purposes of § 158(d). *Id.* at 894. If it was a remand with a direction to do a purely ministerial task before entering judgment, then it was also final. And if it was a remand for further factfinding, we again need to apply the four-factor test from above to determine if it was final.

We think the best characterization of the order with respect to the 1391 action is as a remand for further factfinding. Although the district court vacated the un-clean-hands judgment and ordered remand to the bankruptcy court to dismiss the action for lack of jurisdiction, the fraudulent-conveyance claim underlying that action had been (properly) transferred to the district court from the Eastern District. Shortly afterward, the district court referred that claim to the bankruptcy court, and

it remains pending there in the 1191 action. Indeed, it is conceivable that an unclean-hands trial might be had in the 1191 action for the Baeks' previous conduct, which would necessitate further factfinding on the same issue. Although formally under a different adversary proceeding number, essentially the same litigation will continue.

Now, applying the four-factor test from before, we again conclude that the district court's order was not final as to the 1391 action. Even if we were to decide whether the Central District's bankruptcy court had jurisdiction over the "removed" action, there may yet be another appeal on the merits of the claim, leading us to dispose of what is practically a single controversy in piecemeal fashion. As with the 1454 action, it would be more efficient for us to hear just one appeal so that we may resolve as much of the case as possible. We would be interfering with the factfinding function of the bankruptcy court by taking the appeal now. And we again discern no irreparable harm to the parties.[2]

**APPEALS DISMISSED.**

---

[2] Two appellants assert that they will be unable to obtain review of the district court's dismissal order if they are not heard now. But they cite no authority for that proposition, and it is not clear to us that it is true. *See Grand Canyon Tr. v. Tucson Elec. Power Co.*, 391 F.3d 979, 986 (9th Cir. 2004) ("It is well settled, however, that an 'appeal from the final judgment draws in question all earlier non-final orders and all rulings which produced the judgment.'") (quoting *Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1364 (9th Cir. 1981)). And even if it be true, they might have only themselves to blame for that state of affairs by failing to ask the district court to certify the order for interlocutory appeal. *See Bullard*, 135 S. Ct. at 1695–96.