AMALGAMATED CLOTHING AND
TEXTILE WORKERS UNION,
Petitioner,

v.

SECURITIES AND EXCHANGE
COMMISSION, Respondent,

Brown Group, Inc., Intervenor.

No. 540, Docket, 93–4120.
August Term, 1993.

United States Court of Appeals,
Second Circuit.

Argued Nov. 15, 1993.

Decided Jan. 25, 1994.

Cornish F. Hitchcock (Alan B. Morrison, Public Citizen Litigation Group, Washington, DC, of counsel), for petitioner.

Jacob H. Stillman (Paul Gonson, Acting Gen. Counsel, Lucinda O. McConathy, Asst. Gen. Counsel, Christopher Paik, Sr. Counsel, S.E.C., Washington, DC, of counsel), for respondent.

Thomas C. Walsh (Douglas W. King, Bryan Cave, St. Louis, MO, of counsel), for intervenor.

Before: MINER, MAHONEY and HEANEY,* Circuit Judges.

MINER, Circuit Judge:

Petitioner Amalgamated Clothing and Textile Workers Union ("ACTWU") petitions this Court, pursuant to section 25(a)(1) of the Securities Exchange Act of 1934 ("the Act"), 15 U.S.C. § 78y(a)(1), to review the decision of respondent Securities and Exchange Commission ("SEC" or "Commission") not to bring an enforcement action against intervenor Brown Group, Inc. ("Brown") for the omission from its proxy materials of a proposed shareholder resolution submitted by ACTWU that would require Brown to undertake an evaluation of current health care reform proposals.

We dismiss the petition because this Court lacks jurisdiction to review the decision of the SEC.

## BACKGROUND

Brown is a publicly traded company that manufactures and sells shoes at wholesale and retail. It is the largest importer of women's shoes in the country. ACTWU represents employees in some of Brown's manu-

facturing operations and owns sixty-two shares of Brown common stock.

In a letter dated December 24, 1992 from Michael R. Zucker, director of ACTWU's Office of Corporate and Financial Affairs, to B.A. Bridgewater, Jr., Brown's Chairman, ACTWU submitted a resolution for inclusion in Brown's proxy materials for the annual meeting to be held on May 27, 1993. ACTWU's request was made pursuant to SEC Rule 14a–8, 17 C.F.R. § 240.14a–8, which requires a company registered with the SEC to include in its proxy statements, and identify for an affirmative or negative vote in its forms of proxy, proposals submitted by shareholders. ACTWU's proposed resolution provided:

> BE IT RESOLVED: The shareholders of Brown Group, Inc. (the "Company") hereby request that the Board of Directors establish a Committee of the Board ("Committee") for the purpose of evaluating the impact of various health care reform proposals on the Company. Further, this Committee should be directed to prepare a report of its findings within a reasonable period. The report should be made available at a reasonable cost to any shareholder upon written request.

Brown's general counsel, Robert D. Pickle, wrote to the SEC's Office of Chief Counsel on January 21, 1993, advising the SEC of ACTWU's proposed resolution and further informing the SEC that Brown deemed it proper to omit the resolution from its proxy materials pursuant to SEC Rules 14a–8(c)(3), (6) and (7) because the supporting statement accompanying the resolution included false or misleading statements, the resolution related to matters beyond Brown's control, and implementation of the resolution would have interfered with Brown's ordinary business operations, respectively. Pickle requested from the SEC's Division of Corporation Finance a no-action letter recommending to the Commission that no enforcement action be taken against Brown if the proposed resolution were to be omitted. Aware of Pickle's request and responding to it, Zucker, on

---

\* Honorable Gerald W. Heaney of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

February 22, 1993, wrote to the SEC. Zucker set forth ACTWU's position in detail and gave reasons why he believed the resolution should be included in the proxy materials. By letter dated March 5 to the SEC, Pickle argued that ACTWU's position was without merit.

The Office of Chief Counsel in the Division of Corporation Finance concluded that there was some basis for Brown's view that the resolution could be omitted from its 1993 proxy materials pursuant to Rule 14a–8(c)(7). The SEC advised Brown of its opinion in a letter dated March 29, 1993 from Senior Legal Advisor William E. Morley. The letter enclosed a memorandum by Amy Bowerman Freed, special counsel in the Division of Corporation Finance. The memorandum included the following:

> There appears to be some basis for your view that the proposal may be excluded pursuant to Rule 14a–8(c)(7) because the proposal is directed at involving the Company in the political or legislative process relating to an aspect of the Company's operations. Accordingly, we will not recommend enforcement action to the Commission if the proposal is omitted from the Company's proxy materials.

Copies of the letter and memorandum were sent to ACTWU along with a document entitled "Informal Procedures Regarding Shareholders Proposals." The SEC therein noted that its rules do not provide specifically for a response from the shareholder, but that the staff ordinarily would consider responses submitted by shareholders such as ACTWU, although such consideration "should not be construed as changing the staff's informal procedures and proxy review into a formal or adversary procedure." The document included the following cautionary language:

> The determination reached by the staff in connection with a shareholder proposal ... does not and cannot purport to "adjudicate" the merits of the Company's position with respect to the proposal. Only a court such as a U.S. District Court can decide whether a Company is obligated to include shareholder proposals in its proxy

material. Accordingly, a discretionary determination by the staff not to recommend enforcement action to the Commission does not preclude a proponent, or any shareholder of the Company, from pursuing any rights he or she may have against the Company in court, should the management omit the proposal from the Company's proxy material.

On April 19, 1993, in a letter to SEC Chairman Richard C. Breeden, ACTWU requested review of the staff's no-action position. Brown did not receive a copy of this letter and, on April 21, arranged to have the proxy materials printed for mailing the following day. That same day, Brown received a telephone call from Freed, the special counsel who had authored the no-action letter, informing Brown of ACTWU's letter to Chairman Breeden. On April 22, Brown proceeded to distribute the proxy materials—without the ACTWU proposal—to its shareholders. In an April 23 letter from Pickle to Chairman Breeden, Brown responded to ACTWU's letter of April 19, arguing the propriety of its omission of the proposed resolution.

The Commission reviewed the matter and, by letter dated May 6, 1993 to ACTWU from Jonathan G. Katz, Secretary of the SEC, made the following determination: "The Commission has affirmed the Division's position that the proposal may be excluded from the Company's proxy material in reliance upon rule 14a–8(c)(7)." No further action was taken by ACTWU prior to the annual meeting.

On May 27, 1993, Brown conducted its annual shareholders meeting. No representative of ACTWU attended the meeting.[1] ACTWU filed its petition for review in this Court on June 2, 1993, naming the SEC as the respondent. Brown filed its motion to intervene on June 29, 1993.

### DISCUSSION

■ ACTWU seeks review by this Court of the Commission's May 6, 1993 letter of affirmance pursuant to section 25(a)(1) of the

---

1. On September 27, 1993, ACTWU submitted the same proposed resolution to Brown for inclusion in Brown's proxy materials for its 1994 annual shareholders meeting.

Act, which provides a jurisdictional basis for this Court to review "a final order of the Commission." 15 U.S.C. § 78y(a)(1). The term "order," however, does not include any and all actions the Commission might undertake. *See Board of Trade v. SEC*, 883 F.2d 525, 529–30 (7th Cir.1989) (no-action letter is tentative, not "final" within the meaning of section 25 of the Act). Administrative orders, such as those issued by the SEC, are not reviewable "unless and until they impose an obligation, deny a right or fix some legal relationship as a consummation of the administrative process." *Chicago & S. Airlines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 113, 68 S.Ct. 431, 437, 92 L.Ed. 568 (1948). *See also International Tel. & Tel. Corp. v. Local 134, Int'l Bhd. of Elec. Workers*, 419 U.S. 428, 443–44, 95 S.Ct. 600, 609–10, 42 L.Ed.2d 558 (1975) (non-binding decision of NLRB not reviewable); *United States Defense Comm. v. Federal Election Comm'n*, 861 F.2d 765, 772 (2d Cir.1988) (advisory opinion of FEC not ripe for review because it was not "binding").

■ Here, the Commission's announcement that it would not bring an enforcement action against Brown for omitting ACTWU's proposal in no way "imposed" or "fixed" a legal relationship upon either Brown, ACTWU or the SEC. As the Seventh Circuit recognized in *Board of Trade*, where the Commission voted at a public meeting not to object to a no-action position taken by the Division of Market Regulation, "[the staff] could change [its] mind tomorrow, or the Commissioners might elect to proceed no matter what the [staff] recommends. The SEC has not, in other words, issued a 'final' decision. . . ." 883 F.2d at 529. The situation in the present case is no different. The Commission's letter merely reaffirms the informal advice provided by the staff to a company that is attempting to determine what properly may be omitted from its proxy materials—the letter does not bind the SEC

to a particular course of action. *See* 17 C.F.R. § 202.1(d); *see also Amalgamated Clothing & Textile Workers Union v. Wal–Mart Stores Inc.*, 821 F.Supp. 877, 884 n. 8 (S.D.N.Y.1993) (position of full Commission affirming staff determination is informal).

Even if the SEC had taken the position that the proposal should have been included in the proxy materials, Brown would not have been required to include it. The SEC itself has acknowledged that no-action letters have no binding effect on the parties addressed in the letters.[2] The "Commission and its staff do not purport in any way to issue 'rulings' or 'decisions' on shareholder proposals management indicates it intends to omit, and they do not adjudicate the merits of management's posture concerning such a proposal." *Statement of Informal Procedures for the Rendering of Staff Advice with Respect to Shareholder Proposals*, Exchange Act Rel. No. 12,599, [1976–77 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 80,635 at 86,604 (July 7, 1976). Therefore, because the Commission's letter does not bind either Brown, ACTWU or the SEC, and does not fix any legal relationship among them, it is not a final order within the meaning of section 25(a)(1) of the Act and this Court therefore lacks jurisdiction to review it.

■ If ACTWU believed that Brown improperly omitted the proposal from its proxy materials, its proper course was to seek a judicial determination of the propriety of Brown's actions in the district court. *Cf. id.* (position of full Commission does not "affect[ ] the right of . . . a shareholder . . . to institute a private action with respect to the management's intention to omit the proposal from its proxy materials"). Although courts may find SEC positions on enforcement as articulated in no-action letters persuasive in the circumstances, such positions are not binding on the district courts.[3] *See*

---

**2.** A canvass of the Act reveals numerous instances when the SEC acts "by order" and such action is binding. *See, e.g.,* 15 U.S.C. §§ 78f(c)(2) (registered securities exchange shall deny membership to certain persons where SEC by order so directs); 78*l* (f)(4) (SEC by order may terminate or suspend unlisted trading privi-

leges for a security); 78*l* (j) (SEC by order may deny, suspend or revoke registration of a security); 78*o* (b)(4) (SEC by order may censure, limit, suspend or revoke the registration of a broker or dealer in certain circumstances).

**3.** At oral argument, counsel for the SEC asserted that, when the SEC staff speaks through the

*Roosevelt v. E.I. DuPont de Nemours & Co.,* 958 F.2d 416, 424–25 (D.C.Cir.1992); *Wal–Mart,* 821 F.Supp. at 884–85; *New York City Employees' Retirement Sys. v. Dole Food Co.,* 795 F.Supp. 95, 100–01 (S.D.N.Y.), *vacated as moot,* 969 F.2d 1430 (2d Cir.1992).

Since we conclude that this Court does not have jurisdiction to review the Commission's May 6, 1993 letter of affirmance in this case because it is not a final order within the meaning of section 25(a)(1) of the Act, we do not reach the merits of whether ACTWU's proposed shareholder resolution should have been included in Brown's 1993 proxy materials, or whether this issue is moot.

### CONCLUSION

For the foregoing reasons, ACTWU's petition for review is dismissed.

informal mechanism of a no-action letter or the full Commission comments on staff no-action positions, these views and positions are not entitled to the high level of judicial deference afforded formal policy statements or rule-making orders of the SEC or other administrative agencies. *See Chevron, U.S.A., Inc. v. Natural Resources* *Defense Council, Inc.,* 467 U.S. 837, 844, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984) (controlling weight given to agency's legislative regulation construing statutory scheme it is entrusted to administer, unless agency's actions are "arbitrary, capricious, or manifestly contrary to the statute").