**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

IN RE LANDMARK FENCE COMPANY, INC.,

*Debtor*,

JAMES SAHAGUN and GERARDO GARCIA,

*Appellants/Cross-Appellees*,

v.

LANDMARK FENCE COMPANY, INC., a California corporation,

*Appellee/Cross-Appellant*.

Nos. 13-55509
13-55574

D.C. No.
5:12-cv-01582-AHM

OPINION

Appeal from the United States District Court
for the Central District of California
Alvin Howard Matz, District Judge, Presiding

Submitted April 7, 2015[*]
Submission Deferred April 7, 2015
Resubmitted September 4, 2015
Pasadena, California

Filed September 11, 2015

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: Stephen Reinhardt, M. Margaret McKeown,
and Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge McKeown

**SUMMARY**[**]

**Bankruptcy**

The panel dismissed for lack of jurisdiction an appeal and a cross-appeal from the district court's order in a bankruptcy case.

The bankruptcy court ruled, after a trial, that the bankruptcy debtor had committed violations of California wage and hour laws, and it awarded damages to a plaintiff class. The district court affirmed in part but held that the bankruptcy court had applied an incorrect legal standard for assessing whether the debtor was required to pay prevailing wages for the time class members spent traveling to and from public worksites. The district court remanded for additional fact finding on the terms of the debtor's public works contracts and the practical conditions of the jobsite to determine what damages might be justified.

The panel held that it lacked jurisdiction because the district court's order vacating the bankruptcy court's judgment and remanding for further factfinding was not a final order. The panel concluded that the risk of piecemeal

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

litigation was significant; judicial efficiency would not be enhanced by exercising jurisdiction; preserving the bankruptcy court's role as the finder of fact tipped in favor of declining jurisdiction; and neither party would suffer irreparable harm if the panel declined jurisdiction.

## COUNSEL

Rudy Ginez, Jr., Ginez, Steinmetz & Associates, Santa Ana, California, for Plaintiffs-Appellants/Cross-Appellees.

Marc J. Winthrop and Peter W. Liandes, Winthrop Couchot P.C., Newport Beach, California; John E. Lattin and Spencer W. Waldron, Fisher & Phillips LLP, Irvine, California, for Defendant-Appellee/Cross-Appellant.

## OPINION

McKEOWN, Circuit Judge:

As Chief Justice Roberts recently observed in the context of determining whether a bankruptcy court order is final, parties considering the filing of an appeal would do well to remember the maxim: "It ain't over till it's over." *Bullard v. Blue Hills Bank (In re Bullard)*, 135 S. Ct. 1686, 1693 (2015). While we have well-established and quite rigid standards of finality in civil and criminal actions governed by 28 U.S.C. § 1291—our most frequently invoked jurisdictional statute— we have taken a more nuanced and "flexible" approach to assessing the finality of appeals in bankruptcy cases. However, even this flexible approach is stretched beyond its breaking point by this appeal from a district court order that

includes a remand to the bankruptcy court with explicit instructions to engage in "further fact-finding." We dismiss the appeal because this order is not final for purposes of appeal.

## BACKGROUND

In 2003, James Sahagun and Gerardo Garcia (collectively "Sahagun") filed a class action in state court against their former employer, Landmark Fence Company ("Landmark"). The suit was a typical wage-and-hour class action, alleging that Landmark had failed to pay a variety of wages required by California law. Four years later, in 2007, the state court certified a class of current and former Landmark employees. Before the class claims could proceed to trial, however, Landmark filed for bankruptcy in the Central District of California.

Sahagun entered the bankruptcy fray, filing a claim against the Landmark estate. The bankruptcy court held a six-day trial on the merits of Sahagun's wage claims. The bankruptcy court found that Landmark had committed several violations of California wage laws and awarded the plaintiff class approximately $15 million in unpaid wages, interest, and penalties. A significant portion of the damages were based on the bankruptcy court's conclusion that California law required Landmark to pay class members a prevailing wage for the time they spent 1) traveling to and from public worksites; and 2) fabricating parts for use on public worksites.

Landmark appealed the decision to the district court pursuant to 28 U.S.C. § 158(a)(1). The district court affirmed the bankruptcy court's ruling that Sahagun was entitled to the

prevailing wage for time spent fabricating components for public works contracts. The district court held, however, that the bankruptcy court applied an incorrect legal standard for assessing whether Landmark was required to pay prevailing wages for the time class members spent traveling to and from public worksites. The district court thus remanded for "additional fact finding" on "[t]he terms of Landmark's public works contracts and the practical conditions of the jobsite" to determine what damages might be justified.

Sahagun appealed, alleging that the district court's ruling on travel time was erroneous and asking us to reinstate the bankruptcy court's damages award. Landmark cross-appealed the district court's determination regarding entitlement to prevailing wages for parts fabrication.

**ANALYSIS**

Although both parties urge us to decide this appeal on its merits, "[i]t needs no citation of authorities to show that the mere consent of parties cannot confer upon a court of the United States the jurisdiction to hear and decide a case." *People's Bank v. Calhoun*, 102 U.S. 256, 260–61 (1880). We undertake this jurisdictional analysis sua sponte. *Gupta v. Thai Airways Int'l, Ltd.*, 487 F.3d 759, 763 (9th Cir. 2007).

The district court exercised appellate jurisdiction over the bankruptcy court pursuant to 28 U.S.C. § 158(a). We have jurisdiction over this appeal and cross-appeal only if the district court's order vacating the bankruptcy court's judgment and remanding for further factfinding was a "final decision[], judgment[], order[], [or] decree[]." 28 U.S.C. § 158(d)(1). We hold that it was not, and dismiss the appeal for lack of jurisdiction.

Typically, a district court order is considered final when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373–74 (1981) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)). The district court's order does not meet this standard. Rather, the order directed the bankruptcy court to reassess the evidence and determine anew the size of Sahagun's claim against the Landmark estate.

We have held, however, that the fluid and sometimes chaotic nature of bankruptcy proceedings necessitates a degree of jurisdictional flexibility. *See, e.g.*, *Cannon v. Hawaii Corp. (In re Hawaii Corp.)*, 796 F.2d 1139, 1141 (9th Cir. 1986). In assessing jurisdiction over an appeal from a non-final order in the bankruptcy context, we weigh four factors: "(1) the need to avoid piecemeal litigation; (2) judicial efficiency; (3) the systemic interest in preserving the bankruptcy court's role as the finder of fact; and (4) whether delaying review would cause either party irreparable harm." *Stanley v. Crossland, Crossland, Chambers, MacArthur & Lastreto (In re Lakeshore Vill. Resort, Ltd.)*, 81 F.3d 103, 106 (9th Cir. 1996) (citing *Vylene Enters., Inc. v. Naugles, Inc. (In Re Vylene Enters., Inc.)*, 968 F.2d 887, 895–96 (9th Cir. 1992)).[1] These factors cut

---

[1] This flexible test is arguably in conflict with the Supreme Court's decision in *Connecticut National Bank v. Germain*, 503 U.S. 249, 253 (1992). *See In re Bender*, 586 F.3d 1159, 1163–64 (9th Cir. 2009) (noting that *Germain* "cast doubt on our application of a flexible standard" but that no subsequent Ninth Circuit case has determined "that our earlier precedent must be overturned"). Indeed, the Supreme Court's recent opinion in *In re Bullard* acknowledged that the rules of finality "are different in bankruptcy," but nonetheless cautioned against exercising jurisdiction over appeals in which the "parties' rights and obligations

sharply against finding that we have jurisdiction over this appeal.

To begin, the risk of piecemeal litigation is significant. "[W]hen an intermediate appellate court remands a case to the bankruptcy court, the appellate process likely will be much shorter if we decline jurisdiction and await ultimate review of all the combined issues." *In re Lakeshore Vill. Resort*, 81 F.3d at 106 (quoting *In re Stanton*, 766 F.2d 1283, 1287–88 (9th Cir. 1985)). We have departed from this rule where the district court's remand order is limited to "purely mechanical or computational task[s] such that the proceedings on remand are highly unlikely to generate a new appeal." *Saxman v. Educ. Credit Mgmt. Corp. (In re Saxman)*, 325 F.3d 1168, 1172 (9th Cir. 2003) (quoting *In re Fox*, 762 F.2d 54, 55 (7th Cir. 1985)). Far from remanding for a "mechanical or computational task," the district court directed the bankruptcy court to engage in "further fact-finding" before reassessing its damages award.

In a quixotic effort to convince us to assume jurisdiction, Sahagun argues that the litigation is effectively over because the plaintiff class cannot present any evidence that will support an award of damages under the legal standard articulated by the district court. We do not necessarily share Sahagun's pessimism. Upon remand from the district court, the plaintiffs should have the opportunity to prove that wages were owed for travel "required" or "necessary" to "carry out

---

remain unsettled." 135 S. Ct. at 1692–93. Nonetheless, we need not resolve whether *Germain* can be reconciled with a flexible approach to jurisdiction "because we conclude that the [lower court's] decision was not final even under our circuit's flexible finality standard." *In re Bender*, 586 F.3d at 1164.

. . . accomplish or fulfill" a public works contract—a standard that, after all, isn't that different from the one originally employed by the bankruptcy court.

Nor would judicial efficiency be enhanced by exercising jurisdiction. Although Sahagun points out that the litigation would end if we held that the bankruptcy court got it right on all counts, we eschew a "jurisdictional inquiry that requires us to decide the merits of the appeal." *In re Vylene Enters.*, 968 F.2d at 891.

The third factor, preserving the bankruptcy court's role as the finder of fact, also tips in favor of declining jurisdiction. Although the parties characterize the issues in the appeal as purely matters of law, viewing the appeal through this lens ignores the language of the order on appeal. The district court remanded the case with explicit directions for the bankruptcy court to engage in "further fact-finding." Assuming jurisdiction now would deprive the bankruptcy court of the opportunity to assess whether and to what extent the district court's order alters its assessment of wages owed to the class members.

Finally, neither party will suffer irreparable harm if we decline jurisdiction. That the plaintiff class has endured a significant delay in recovering unpaid wages is regrettable, but not irreparable. The desire for a resolution—even a partial one—is understandable, but this consideration does not override the finality consideration.

A final wrinkle in our jurisdictional analysis bears mention. In a motion for judicial notice filed just six days before oral argument, counsel for Landmark indicated that the underlying bankruptcy petition had been dismissed over

seven months prior, in August 2014. Landmark thus urges us to dismiss the appeal as moot and vacate the orders of the district court and the bankruptcy court. We deny the motion for judicial notice and Landmark's other entreaties to terminate the litigation.

We recognize that developments during the pendency of an appeal may render a case moot at any time. Counsel has an obligation to inform the court promptly of any such events. But wholly apart from the inexplicable and irresponsible delay in notifying us that the bankruptcy petition had been dismissed, we decline to address mootness now. Doing so would require us to violate the Supreme Court's direction that, "[o]n every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 547 (1986) (quoting *Mansfield C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)); *see also Sierra Club v. U.S. Dep't of Agric.*, 716 F.3d 653, 660 (D.C. Cir. 2013) (holding that because appellate jurisdiction was lacking, the court "can express no position on . . . [whether] the Sierra Club's case was moot when filed"); *Amalgamated Clothing & Textile Workers Union v. S.E.C.*, 15 F.3d 254, 258 (2d Cir. 1994) ("Since we conclude that this Court does not have jurisdiction to review the Commission's May 6, 1993 letter of affirmance in this case because it is not a final order . . . we do not [decide] . . . whether this issue is moot."); *cf. Sierra Club v. U.S. Nuclear Regulatory Comm'n*, 825 F.2d 1356, 1363 (9th Cir. 1987), (dismissing appeal of a non-final order and declining to address the argument that the "petition may very well be moot" due to events occurring during the pendency of the appeal).

Although the mootness issue may seem a superficially quick fix, Sahagun's response to the motion points to why the argument over mootness is more appropriately raised in the trial court.[2]   More importantly, because we do not have appellate jurisdiction, we lack the authority to grant Landmark's request to vacate the district court's orders. *See Defenders of Wildlife v. Perciasepe*, 714 F.3d 1317, 1328 (D.C. Cir. 2013) ("If we lack jurisdiction, we cannot vacate the district court's order for lack of jurisdiction because we lack the power to do so."). We thus deny the motion for judicial notice of the bankruptcy dismissal.

**DISMISSED.**[3]

---

[2] Sahagun contends that the dismissal did not render the appeal moot and that vacatur would be unjust, pointing out that at least $5 million of the $15 million in damages awarded by the bankruptcy court constituted a final judgment that should be afforded preclusive effect because it was not contested on appeal.

[3] In light of our conclusion that we lack jurisdiction, we deny Sahagun's motion to certify to the California Supreme Court the two issues of California wage and hour law relating to the merits of the appeal. We also deny as moot the pending motions to file amicus briefs.