FILED

**NOT FOR PUBLICATION**

NOV 02 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: R & S ST. ROSE, LLC,<br><br>Debtor,<br><br>————————————————<br><br>BRANCH BANKING AND TRUST COMPANY,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>R & S ST. ROSE, LLC,<br><br>Defendant - Appellant. | No. 14-16976<br><br>D.C. No. 2:14-cv-00939-JCM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted October 22, 2015
San Francisco, California

Before: CLIFTON and N.R. SMITH, Circuit Judges and LASNIK,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Robert S. Lasnik, District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

R & S St. Rose Lenders appeals from the district court's order reversing in part an order by the bankruptcy court that overruled Branch Banking and Trust's objection to Lenders' proof of claim in the bankruptcy of R & S St. Rose. The district court's order remanded the matter to the bankruptcy court for further proceedings. We review de novo our own jurisdiction and whether a bankruptcy court's decision is final under 28 U.S.C. § 158(d). *Silver Sage Partners, Ltd. v. City of Desert Hot Springs (In re City of Desert Hot Springs)*, 339 F.3d 782, 787 (9th Cir. 2003). We dismiss for lack of jurisdiction.

The district court's order reversing the bankruptcy court and remanding for further proceedings is not a final decision over which we have appellate jurisdiction. *See Sahagun v. Landmark Fence Co. (In re Landmark Fence Co.)*, No. 13-55509, 2015 WL 5295114, at \*2 (9th Cir. Sept. 11, 2015) (discussing the standard for determining finality in bankruptcy proceedings). The district court's order opens the door to further factfinding and litigation surrounding the amount of Lenders' proof of claim. This court's interest in avoiding piecemeal litigation, promoting judicial efficiency, and preserving the bankruptcy court's role as factfinder all therefore weigh against a finding of jurisdiction. *See id.* at \*2–3.

Each party is to bear its own costs.

**DISMISSED**.