**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re: TRANSACT, INC.,

Debtor,

------------------------------

JOHN M. WOLFE, Chapter 7 Trustee of
Transact, Inc.,

Appellant,

v.

FRANK D'ERRICO, individually and on
behalf of the Frank D'Errico Living Trust;
RHFD PEBBLE, INC.,

Appellees.

No. 14-56453

D.C. No. 8:13-cv-01312-MWF

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted October 4, 2016
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: D.W. NELSON and PAEZ, Circuit Judges, and BUCKLO,** District Judge.

John M. Wolfe, Chapter 7 Trustee for the bankruptcy estate of Transact, Inc. ("Transact"), appeals the district court's judgment, which affirmed in part, reversed in part, and remanded the case for further proceedings. In light of the district court's ruling, we dismiss the appeal for lack of jurisdiction.

We address the issue of jurisdiction *sua sponte*. *See In re Landmark Fence Co.*, 801 F.3d 1099, 1102 (9th Cir. 2015). To determine whether we have jurisdiction over an appeal from a decision "involving a remand to the bankruptcy court[,]" we consider the following four factors: "(1) the need to avoid piecemeal litigation; (2) judicial efficiency; (3) the systemic[]interest in preserving the bankruptcy court's role as the finder of fact; and (4) whether delaying review would cause either party irreparable harm." *In re Perl*, 811 F.3d 1120, 1126 (9th Cir. 2016) (citing *In re Landmark Fence Co.*, 801 F.3d at 1101-02). In this case, all four factors weigh against exercising jurisdiction.

First, the risk of piecemeal litigation is significant because the district court remanded for non-computational tasks. *See In re Landmark Fence Co.*, 801 F.3d at 1103 (finding a "significant" risk of piecemeal litigation where "[f]ar from

---

** The Honorable Elaine E. Bucklo, United States District Judge for the Northern District of Illinois, sitting by designation.

remanding for a mechanical or computational task, the district court directed the bankruptcy court to engage in further fact-finding before reassessing its damages award") (internal quotation marks omitted).

Second, exercising jurisdiction over the appeal would not enhance judicial efficiency. Transact raises only two issues on appeal; however, the district court remanded a number of other issues. Resolution of the appeal would therefore neither obviate the need for a remand, nor render a subsequent appeal unlikely. *See In re Lakeshore Vill. Resort, Ltd.*, 81 F.3d 103, 106 (9th Cir. 1996) ("[W]hen an intermediate appellate court remands a case to the bankruptcy court, the appellate process likely will be much shorter if we decline jurisdiction and await ultimate review on all the combined issues.") (internal quotation marks omitted).

Third, the district court remanded this case with directions to the bankruptcy court to make additional factual findings. *See In re Landmark Fence Co.*, 801 F.3d at 1103 ("Although the parties characterize the issues in the appeal as purely matters of law, viewing the appeal through this lens ignores the language of the order on appeal."). Dismissing the appeal will permit the bankruptcy court to decide, in the first instance, factual issues pertaining both to liability and damages.

Fourth, neither party will suffer irreparable harm if we decline jurisdiction over the appeal. While Frank D'Errico expressed his desire for a resolution of the

3

issues on appeal, "this consideration does not override the finality consideration." *Id.*

"With all four . . . considerations pointing to a denial of jurisdiction for this appeal, our course is clear." *In re Bender*, 586 F.3d 1159, 1166 (9th Cir. 2009).

**DISMISSED.**