NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: MARK CHRISTIAN
TARCZYNSKI,

  Debtor,

_____

MARK CHRISTIAN TARCZYNSKI,

  Appellant,

 v.

1100 WILSHIRE BLVD., LLC,

  Appellee.

No.  15-60020

BAP No. 14-1307

MEMORANDUM[*]

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Kurtz, and Taylor, Bankruptcy Judges, Presiding

Submitted January 13, 2017[**]
Pasadena, California

Before:  TALLMAN and FRIEDLAND, Circuit Judges, and ORRICK,[***] District

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable William Horsley Orrick III, United States District

Judge.

Debtor Mark Tarczynski appeals the Bankruptcy Appellate Panel's decision to reverse the dismissal of a derivative § 523 adversary action against him and to remand it to the bankruptcy court for further factual development. We have "jurisdiction of appeals from all final decisions, judgments, orders, and decrees" of the Bankruptcy Appellate Panel ("BAP"). 28 U.S.C. § 158(d). Because the BAP decision being appealed in this case is not final within the meaning of § 158(d), and because it is not otherwise immediately appealable, we dismiss for lack of jurisdiction.

## I.

Typically, an "order is considered final when it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Sahagun v. Landmark Fence Co.* (*In re Landmark Fence Co.*), 801 F.3d 1099, 1102 (9th Cir. 2015) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373-74 (1981)). Thus, when the BAP affirms or reverses a final order of the bankruptcy court, the BAP's order is final. *King v. Stanton* (*In re Stanton*), 766 F.2d 1283, 1287 (9th Cir. 1985). But "when the BAP *remands* for further factual findings related to a central issue raised on appeal, that order is not final," and so we usually lack jurisdiction. *Id.* (citing *Dental Capital Leasing Corp. v. Martinez* (*In re*

Judge for the Northern District of California, sitting by designation.

2

*Martinez*), 721 F.2d 262, 265 (9th Cir. 1983)).

We have recognized, however, the need for some "jurisdictional flexibility" in the context of bankruptcy proceedings, and in some circumstances we have exercised jurisdiction over non-final orders. *See Landmark Fence*, 801 F.3d at 1102. To determine whether such an exercise of jurisdiction is proper, we consider the four factors laid out in *Vylene Enterprises, Inc. v. Naugles, Inc.*, 968 F.2d 887 (9th Cir. 1992): "(1) the need to avoid piecemeal litigation; (2) judicial efficiency; (3) the systemic interest in preserving the bankruptcy court's role as the finder of fact; and (4) whether delaying review would cause either party irreparable harm." *Stanley v. Crossland, Crossland, Chambers, MacArthur & Lastreto* (*In re Lakeshore Village Resort, Ltd.*), 81 F.3d 103, 106 (9th Cir. 1996) (citing *Vylene*, 968 F.2d at 895-96).[1]

All four *Vylene* factors weigh against the exercise of jurisdiction in this case. First, exercising our jurisdiction in a case that has been remanded for more factual development would raise a significant risk of piecemeal litigation. *See Landmark Fence*, 801 F.3d at 1103. "[I]f we were to hear this appeal and affirm the BAP's holdings, the case would . . . be remanded for further fact-finding, and it is likely

---

[1] We need not decide whether *Connecticut National Bank v. Germain*, 503 U.S. 249 (1992), limited the more flexible finality standard because we conclude that the order is not final even under the more flexible standard. *See Congrejo Invs., LLC v. Mann* (*In re Bender*), 586 F.3d 1159, 1163-64 (9th Cir. 2009); *In re Lakeshore Village Resort, Ltd.*, 81 F.3d at 106.

that the disappointed party would appeal again, first to the BAP or the district court, and then to this court." *Bender*, 586 F.3d at 1165.

The second and third factors, judicial efficiency and preserving the bankruptcy court's role as the finder of fact, also weigh against exercising jurisdiction. As to each issue the bankruptcy court decided—whether the plaintiff was an adequate derivative plaintiff, whether the Board was entitled to invoke the business judgment rule, and whether the *in pari delicto* doctrine applied—the BAP held that the bankruptcy court had "rel[ied] upon disputed facts" and "draw[n] inferences from the alleged facts against Appellant." The BAP acknowledged that Tarczynski may ultimately prevail, but it determined that more factual development was needed. Declining to exercise jurisdiction—and thereby letting the remand to the bankruptcy court proceed—would allow the bankruptcy court to develop more complete facts and to have the first opportunity to apply the law to those facts. Doing so promotes judicial efficiency by ensuring that an appeal reaching our court has a more fully developed record and preserves the bankruptcy court's role as factfinder. *See Landmark Fence*, 801 F.3d at 1103; *Bender*, 586 F.3d at 1165-66.

Finally, Tarczynski has not explicitly argued that declining to exercise jurisdiction would cause him irreparable harm. We could infer from his brief that he sees being forced to continue litigating against what he considers to be an

4

improper derivative plaintiff as analogous to forcing an officer who enjoys qualified immunity to fully litigate a case. But, in light of the factual disputes that remain on the current record, we are in no better position than the BAP to determine whether 1100 Wilshire Blvd, LLC is a proper derivative plaintiff. When more factual development is needed, remand is the best course.

## II.

Tarczynski argues that no further factual development is necessary because it is clear from the face of a judicially noticeable state court complaint that there is a conflict between 1100 Wilshire Blvd, LLC and the Property Owners Association ("POA"), on whose behalf it brings the derivative complaint. By implication, Tarczynski contends that we have jurisdiction to decide, as a matter of law, whether 1100 Wilshire Blvd, LLC is an adequate representative of the POA. But a state court complaint that was filed before the adversary complaint in a bankruptcy case does not necessarily reveal whether any conflict remained at the time that the bankruptcy action was filed, or whether any conflict remained past that point. *See Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1464-65 (9th Cir. 1995) (conclusively terminated previous litigation that does not show unusual animus is not a basis for finding a derivative plaintiff an inadequate representative). Because the status of a separate action could quickly change—for example, the parties could settle or amend the complaint—it is not possible to rely solely on the face of an earlier

5

complaint to determine the existence of a conflict at the time of a later derivative action. Thus, further factual development is needed to determine whether 1100 Wilshire Blvd, LLC is an adequate representative of the POA in this derivative action.

Tarczynski also argues that we can decide the *in pari delicto* issue as a matter of law. But we agree with the BAP that the current record does not support the imputation of Tarczynski's or the POA Board's acts to the POA, and, thus, more factual development on remand would be needed for Tarczynski to even possibly prevail on this issue.

III.

In sum, we are not persuaded that this appeal can be decided as a matter of law without more factual development. Because all four *Vylene* factors weigh against exercising our jurisdiction, we decline to do so. We do not reach the other issues that the parties raised.

**DISMISSED.**