

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re:  JAMES ELLIS ARDEN,

Debtor,

_____

MARTINA A. SILAS,

Appellant,

v.

JAMES ELLIS ARDEN,

Appellee.

No.    15-60053

BAP No. 14-1186

MEMORANDUM[*]

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Dunn, and Taylor, Bankruptcy Judges, Presiding

Argued and Submitted February 6, 2017
Submission Withdrawn February 17, 2017
Resubmitted June 30, 2017
Pasadena, California

Before:  KLEINFELD, IKUTA, and NGUYEN, Circuit Judges.

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Creditor Martina A. Silas appeals that Bankruptcy Appellate Panel's order vacating summary judgment in her favor and remanding the case to the bankruptcy court to determine whether debtor James Ellis Arden's malicious prosecution of Silas was "willful" for 11 U.S.C. § 523(a)(6) purposes. We dismiss the appeal for lack of jurisdiction.

Silas argues that we have jurisdiction to consider her appeal under 28 U.S.C. § 158(d)(1), which permits consideration of "appeals from all final decisions, judgments, orders, and decrees" issued by a district court or bankruptcy appellate panel sitting in review of a bankruptcy court decision. Jurisdiction under 28 U.S.C. § 158(d)(1) is limited to appeals arising from final decisions, judgments, orders, or decrees. Sahagun v. Landmark Fence Co. (In re Landmark Fence Co.), 801 F.3d 1099, 1102 (9th Cir. 2015). An order in a bankruptcy case is final when it "finally dispose[s] of discrete disputes within the larger case." Howard Delivery Serv. v. Zurich Am. Ins., 547 U.S. 651, 657 n.3 (2006) (emphasis omitted). Where a bankruptcy court's order does not "alter the status quo or fix the parties' rights and obligations," it does not finally dispose of a discrete dispute. Gugliuzza v. FTC (In re Gugliuzza), 852 F.3d 884, 897 (9th Cir. 2017) (citing Bullard v. Blue Hills Bank, 135 S. Ct. 1686, 1692 (2015)). Thus, for example, where a bankruptcy

2

court denies a debtor's proposed confirmation plan and gives the debtor leave to amend the proposed plan, the denial is not final because the "parties' rights and obligations remain unsettled." Bullard, 135 S. Ct. at 1693.

Here, the Bankruptcy Appellate Panel's decision did not finally dispose of a discrete dispute, alter the legal relationship between the parties, or fix the parties' rights and obligations. It left the ultimate question of whether the judgment debt is nondischargeable open and unresolved. The order therefore lacked finality, and so we lack jurisdiction to consider Silas's appeal under 28 U.S.C. § 158(d)(1).

**DISMISSED.**