NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 19 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: LONG DEI LIU, M.D., | No. 20-56102 |
| Debtor, | D.C. No. 8:19-cv-00131-JLS |
| YUANDA HONG, Individually and as guardian ad litem for William Hong and Harry Hong, | MEMORANDUM[*] |
| Plaintiff-Appellee, | |
| v. | |
| SMILEY WANG-EKVALL, LLP, | |
| Defendant-Appellant, | |
| and | |
| LONG DEI LIU, M.D., DBA Long Dei Liu, M.D.; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted April 15, 2022[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before:  CALLAHAN and VANDYKE, Circuit Judges, and Y. GONZALEZ ROGERS,*** District Judge.

Appellant Smiley Wang-Ekvall, LLP ("SWE") appeals the district court's order, which in turn affirmed in part, reversed in part, and remanded an order from the bankruptcy court awarding fees to SWE under 11 U.S.C. § 330.  SWE represented the debtor, Dr. Long-Dei Liu ("Liu"), in Liu's chapter 11 bankruptcy proceedings, which involved extensive litigation between Liu and appellees Yuanda Hong and his sons, William and Harry Hong, who are Liu's judgment creditors and holders of the largest claim in his bankruptcy case.  While neither party asserts that we lack jurisdiction, we must consider this question sua sponte. *Sahagun v. Landmark Fence Co. (In re Landmark Fence Co.)*, 801 F.3d 1099, 1102 (9th Cir. 2015).  Because we find that we lack jurisdiction under 28 U.S.C. § 158(d), we dismiss the appeal.

"[R]ulings in bankruptcy cases that neither end a case nor a discrete dispute, but rather remand for further fact-finding on a central issue, are not final for purposes of § 158(d)." *Gugliuzza v. FTC (In re Gugliuzza)*, 852 F.3d 884, 900 (9th

---

**  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***  The Honorable Yvonne Gonzalez Rogers, United States District Judge for the Northern District of California, sitting by designation.

Cir. 2017). "We have departed from this general rule in situations 'where the district court's remand order is limited to purely mechanical or computational task[s] such that the proceedings on remand are highly unlikely to generate a new appeal.'" *Id.* at 895 (quoting *In re Landmark Fence Co.*, 801 F.3d at 1103).

Here, the district court's order remanded the fee dispute to the bankruptcy court to make factual findings on: (1) the appropriate paralegal rate and the amount of fees to be awarded for tasks that SWE should have billed at this paralegal rate instead of attorney rates; and (2) a reasonable fee award for SWE's work briefing the issue of whether Liu's right to appeal his adverse state court judgment was property of his bankruptcy estate in light of the district court's determination that this was "a single, straightforward legal issue." We disagree with SWE's contention that these tasks are merely computational. On the first issue, the bankruptcy court may need to receive competing evidence as to what the appropriate paralegal rate is and what the resulting fee award should be. The second issue may similarly require adversarial briefing and the introduction of additional evidence by the parties. For example, SWE disagrees with the district court's suggestion that the firm spent nearly 200 hours advancing this argument and presumably intends to introduce additional evidence suggesting that it billed a more reasonable amount of time on this issue on remand. Regardless of how the bankruptcy court rules, we cannot say with confidence that neither party is likely to

appeal the bankruptcy court's resolution of these pending issues.

Further, SWE has not shown that the four-factor test that we use to determine whether an order remanding for fact-finding on a central issue is appealable weighs in its favor. Those factors are: "(1) the need to avoid piecemeal litigation; (2) judicial efficiency; (3) the systemic interest in preserving the bankruptcy court's role as the finder of fact; and (4) whether delaying review would cause either party irreparable harm." *In re Gugliuzza*, 852 F.3d at 894 (quoting *Eden Place, LLC v. Perl (In re Perl)*, 811 F.3d 1120, 1126 (9th Cir. 2016)).

Given that the bankruptcy court's task is substantive and not mechanical or computational, the first three factors strongly favor having the bankruptcy court address the remaining questions in the first instance and allowing the Ninth Circuit to address all of the merits of the case in a single subsequent appeal should the need arise. *See In re Landmark Fence Co.*, 801 F.3d at 1103. SWE's argument on irreparable harm is also unpersuasive because the firm does not explain why it would be precluded from raising any of its arguments in a subsequent appeal to this court. *See Grand Canyon Tr. v. Tucson Elec. Power Co.*, 391 F.3d 979, 986 (9th Cir. 2004) ("It is well settled . . . that an appeal from the final judgment draws in question all earlier non-final orders and all rulings which produced the judgment." (internal quotations and citations omitted)). Finally, even assuming

4

SWE is correct that a ruling from this court might materially aid the bankruptcy court or dispose of the entire case (if we were to affirm the bankruptcy court's ruling in its entirety), these considerations are insufficient to establish this court's jurisdiction under § 158(d).  *See In re Gugliuzza*, 852 F.3d at 898.

The appeal is **DISMISSED**.  Each party shall bear its own costs.