**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: Lenore L. Albert<br>　　　Debtor<br>_____ | No. 24-3305<br><br>D.C. No.<br>23-1024<br><br>MEMORANDUM[*] |
| LENORE L. ALBERT,<br><br>　　　　Appellant.<br><br>　v.<br><br>STATE BAR OF<br>CALIFORNIA; MARICRUZ<br>FARFAN; BRANDON TADY; PAUL<br>BERNARDINO; YVETTE<br>ROLAND; ALEX HACKERT,<br><br>　　　　Appellees. | |
| In re: Ms. LENORE L. ALBERT, Attorney<br><br>　　　Debtor<br>_____ | No. 24-3523<br><br>D.C. No.<br>23-1024 |
| STATE BAR OF CALIFORNIA,<br><br>　　　　Appellant. | |

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

Ms. LENORE L. ALBERT, Attorney,

Appellee.

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Gary A. Spraker, Robert J. Faris, and William J. Lafferty, III, Bankruptcy Judges,
Presiding

Submitted May 19, 2025[**]
Pasadena, California

Before: WARDLAW and JOHNSTONE, Circuit Judges, and RASH, District
Judge.[***]

Lenore Albert, a debtor in the underlying bankruptcy case, appeals from a

decision of the Bankruptcy Appellate Panel ("BAP") affirming in part and

reversing in part the bankruptcy court's orders in her adversary proceeding and

remanding for further proceedings on claims previously dismissed. The State Bar

of California cross-appeals. Because we lack jurisdiction over nonfinal BAP

decisions, we dismiss both appeals for lack of jurisdiction. *See* 28 U.S.C. § 158(d);

*see also In re Bunyan*, 354 F.3d 1149, 1152 (9th Cir. 2004) (recognizing that "[a]

federal court always has jurisdiction to determine its own jurisdiction").

---

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Scott H. Rash, United States District Judge for the
District of Arizona, sitting by designation.

Because the proceedings on remand here could generate a new appeal and will require more than ministerial tasks from the bankruptcy court, we conclude that the BAP's remand was not a final order under our pragmatic approach.

Under the pragmatic approach to finality in bankruptcy cases, when a party appeals a BAP ruling remanding the case for further proceedings in the bankruptcy court, four factors guide our jurisdictional analysis: "(1) the need to avoid piecemeal litigation; (2) judicial efficiency; (3) the systemic interest in preserving the bankruptcy court's role as the finder of fact; and (4) whether delaying review would cause either party irreparable harm." *In re Gugliuzza*, 852 F.3d 884, 894 (9th Cir. 2017) (citation omitted). When analyzing these factors, we blind ourselves to the merits of the appeal. *See In re Landmark Fence Co.*, 801 F.3d 1099, 1103 (9th Cir. 2015).

By way of example, we lack jurisdiction to review a BAP's decision remanding "for discovery to allow factual determinations [on a central issue]" because the decision is not final. *Gugliuzza*, 852 F.3d at 895 (alteration in original) (quoting *In re Vill. at Lakeridge, LLC,* 814 F.3d 993, 998 n.7 (9th Cir. 2016)). However, we may assume jurisdiction of an appeal in situations where the BAP's "remand order is limited to 'purely mechanical or computational task[s] such that the proceedings on remand are highly unlikely to generate a new appeal.'" *Id.* (alteration in original) (quoting *Landmark Fence*, 801 F.3d at 1103).

First, this remand carries a risk of piecemeal litigation. The BAP ruling implicitly requires the bankruptcy court to determine on remand various other substantive, central issues, such as the merits of the state constitutional claim, claim preclusion, and application of the *Rooker-Feldman* doctrine. We cannot predict what path the bankruptcy court will chart on remand, and, as such, we conclude its tasks are far from "purely mechanical or computational." *Gugliuzza*, 852 F.3d at 895 (citation omitted).

Second, increased judicial efficiency is not guaranteed by accepting jurisdiction now because at least one of the outcomes on appeal will result in further rulings from the bankruptcy court which may themselves be appealed. While the State Bar raises general concerns about efficiency, we find it could have circumvented any such inefficiencies resulting from dismissal for lack of jurisdiction by seeking certification from the BAP to allow this court to review an interlocutory order. *See* 28 U.S.C. § 158(d)(2). Moreover, the State Bar's argument regarding the purely legal nature of the issues on appeal is unavailing because the same argument was explicitly rejected in *Gugliuzza*. 852 F.3d at 898; *see Miller v. Gammie*, 335 F.3d 889, 899–900 (9th Cir. 2003) (en banc) (explaining a three-judge panel is bound by prior panel opinions).

Third, because the "BAP's decision expressly left open the possibility for the bankruptcy court to engage in additional fact-finding after remand," *In re*

*Marino,* 949 F.3d 483, 487 (9th Cir. 2020), dismissal here preserves the bankruptcy court's fact-finding role.

Fourth, and finally, delaying review would not cause either party irreparable harm because the only harms are potential time spent on further proceedings and costs incurred during the proceedings, neither of which are irreparable. *See In re Excel Innovations, Inc.*, 502 F.3d 1086, 1099 (9th Cir. 2007).

**DISMISSED FOR LACK OF JURISDICTION.** Appellant Albert's Motion for Initial Hearing En Banc (Doc. 25) is **DENIED.**